[Hutcheson v. Bibb et al. and Bibb, et al. v. Hutcheson.]

# Hutcheson *v.* Bibb *et al.* and Bibb *et al. v.* Hutcheson.

*Bill in Equity to have Declared Void a Will and Deeds of Conveyance.*

1. *Undue influence; as to transactions inter vivos.*—In transactions *inter vivos* where confidential relations exist between the parties, the law raises up the presumptionn of undue influence, and when the donee is the dominant party in the transaction, the burden is upon him of repelling such presumption by competent and satisfactory evidence; which is usually done by showing that the grantor had the benefit of competent and independent advice of some disinterested third party.

2. *Undue influence as relating to testamentary transactions.*—In transactions testamentary in character, the mere existence of confidential relations between the debtor and the beneficiary under the will, are not in and of themselves alone sufficient to raise presumption of undue influence in the making of the will, that would avoid it in the absence of rebutting evidence; but undue influence such as will avoid a will must amount to fraud or coercion so as to show that the will as executed was not as a matter of fact the will of the testator.

APPEAL from the City Court of Montgomery in Equity. Heard before the HON. A. D. SAYRE.

The facts in this case are sufficiently stated in the opinion.

MARKS & SAYRE and J. M. CHILTON, for Mrs. Hutcheson. Cited *Thompson et al. v. Johnson,* 19 Ala. 59; *Gilliam v. Mustin,* 42 Ala. 365; *Traywick v. Davis,* 85 Ala. 342; *Abney v. Moore,* 106 Ala. 131; *Robinson v. Moseley,* 93 Ala. 78; *Moog v. Barrow,* 101 Ala. 209-212; *Noble's Admr. v. Moses Bros.,* 61 Ala. 530-550; *Waddell v. Lanier,* 62 Ala. 347; *Ferguson pro ami v. Lowery,* 54 Ala. 510; *Malone v. Kelly,* 54 Ala. 432; *Holt v. Agnew,* 67 Ala. 368; *Wheeler v. McCreary,* 64 Ala. 327; *Kerr on Fraud,* pp. 151-3, 183; *Bancroft v. Otis,* 91 Ala. 283.

[Hutcheson v. Bibb et al. and Bibb, et al. v. Hutcheson.]

GUNTER & GUNTER, contra.—Cited Gilbert v. Gilbert, 22 Ala. 529; Taylor v. Kelly, 31 Ala. 59; Adair v. Craig et al. 33 So. Rep. 902; Jackson v. Rowell, 87 Ala. 685; Rancroft v. Otis, 91 Ala. 279; Henry v. Hall, 106 Ala. 95; Mackall v. Mackall, 135 U. S. 167; Townson v. Moore, 173 U. S. 23.

DOWDELL, J.—The bill in this case was filed by Mrs. Sallie E. Hutcheson for the purpose of setting aside and annulling the last will and testament of Miss Louisa S. Bibb, deceased, and, also, certain deeds of gift executed by said Louisa S. Bibb during her life-time to Mrs. Martha D. Bibb.

The ground alleged in the bill for avoiding the said will and deeds, is undue influence exercised by the said Martha D. Bibb, the grantee in the deeds and the principal beneficiary under the will, over the said Louisa in the making and execution of the same. Mrs. Martha D. Bibb in her answer, denies all the material allegations of the bill in regard to the charges of undue influence.

The cause was submitted for final decree upon the pleading and evidence, and a decree was rendered granting the relief sought, as to the deed executed by the said Louisa to the said Martha D., on the 16th day of January, 1902, annulling and avoiding the same, and denying relief as to the said last will and testament, and as to the other deeds; one executed on the 27th day of May, 1887, and the other on the 20th day of November, 1889. From this decree the direct and cross appeals are prosecuted.

In respect to the question of undue influence arising from confidential relations as affecting the validity of deeds and wills, the courts have made a distinction between transactions inter vivos, and transactions of a testamentary character. In transactions inter vivos, where confidential relations exist between the parties, the law raises up the presumption of undue influence, and puts upon the donee, when the dominant party in the transaction, the burden of repelling such presumption by competent and satisfactory evidence; and this is usually done by showing that the grantor had the benefit of competent and independent advice of some disinterested third party.

[Hutcheson v. Bibb *et al.* and Bibb, *et al.* v. Hutcheson.]

In transactions testamentary in character, the mere existence of confidential relations between the testator and the beneficiary under the will, are not, in and of themselves alone sufficient to raise the presumption of undue influence in the making of the will that would avoid the will in the absence of rebutting evidence. This subject was gone over at length in *Bancroft v. Otis*, 91 Ala. 279, where many cases bearing on the question are cited and reviewed. There must be something more to avoid the will, such as fraud or coercion. As was said in *Bancroft v. Otis, supra;* "The undue influence which will avoid a will must amount to fraud or coercion; ideas which involve actual intent to control the testator against his will. The law never presumes fraud or the evil intent and unlawful acts essential to the coercion here contemplated. There must be some proof of these things. They cannot be considered to have been done, merely because the proponent had the power to coerce. Undue influence with respect to gifts and conveyances *inter vivos* is a very different matter. It may exist without either coercion or fraud. It may result entirely from the confidential relation, without activity in the direction of either coercion or fraud, on the part of the beneficiary occupying the position of dominant influence. It is upon him not only to abstain from deceit and duress, but to affirmatively guard the interests of the weaker party, so that their dealing may be upon a plane of equality and at arms length. To presume undue influence in such a case, therefore, is not to presume fraud or coercion, or any act which is *malum in se*, but simply the continuance of the influence which naturally inheres in and attaches to the relation itself." The doctrine is, that in addition to the relations between the testator and the beneficiary under the will, in order to put the burden of upholding the validity of the will upon the beneficiary, when assailed on the ground of undue influence, there must be some evidence of coercion in its execution, or in other words that the will is not the will of the testator. This may be done by showing that the person, who is the principal or a large beneficiary under the will actively participated in the preparation or execution of the will. —*McQueen v. Wilson,* 131 Ala. 606.

The rule in such cases, is based upon grounds of public policy, and was never intended to deprive one of the right of a voluntary and untrammeled disposition of his own property, but rather to guard and protect that right. It is in effect a rule of evidence putting upon the dominant party in confidential relations claiming a benefit under the transaction, the burden and duty of rebutting and overcoming the *prima facie* case so made by the presumptions which the law raises. But we need not pursue this discussion any further, as the real question in the present case is one of fact, and what we have said is sufficient for a proper determination of the case.

Many witnesses were examined on both sides, relative to the relations of the respondent and the said Louisa S., and as to their respective characters, dispositions, etc., directed to the question of undue influence *vel non,* as charged in the bill and denied in the answer.

The respondent, Martha D. Bibb and Miss Louisa S. Bibb were sisters; they had lived together the greater part of their lives in the same house, their devotion to each other was unmistakable and pronounced. For many years the respondent as the agent of her sister, to a great extent, looked after and managed the business interests of her sister, in the renting of her property as well as in other respects. All of this the evidence clearly shows. The evidence, however, is in conflict as to which of the two sisters was the dominant spirit in their social and business relations. Witnesses testifying on both sides as to this, differed in their opinions and judgments respecting their characters in this particular, both being shown, however, to be women of remarkable culture and attainments.

We will desist from any attempt to here review in detail the mass of testimony contained in the record, as in our judgment to do so, would necessarily prolong this opinion without subserving any good purpose. Under the rule of law stated, the learned judge that tried this case below reached the conclusion on the facts that the respondent was a person in confidential relations with the said Louisa S., during the time covered by the different transactions assailed, and that as the deed of gift of January 16th, 1902, she had failed by competent and sat-

isfactory proof, to meet and overcome the presumption of undue influence raised by the law, arising out of their said confidential relations existing at the time of said transaction. A different conclusion, however, on the facts, was reached as to the deeds of May 27th, 1887, and of November 20th, 1889, and as to the last will and testament and codicils. In respect to these transactions the learned judge, who tried the case, held that the imputation of undue influence had been sufficiently met and overcome by proof of intervening, competent and independent advice, moreover, that the deeds of May 27th, 1887, and November 20th, 1889, were subsequently confirmed by the will and codicil.

After a careful review and consideration of all the evidence, we are unable to see any reason for differing from the learned judge in his conclusions on the facts, and his decree, therefore, must be affirmed as to both appeals.

Affirmed.

McCLELLAN, C. J., HARALSON and DENSON, J. J., concurring.