# Harrison *v.* Rodgers *et al.*

*Cancellation of Instrument.*

(Decided June 30, 1909. 50 South. 364.)

*Deeds; Cancellations; Undue Influence; Burden of Proof.*—A trust relation is shown to exist between the grantor and grantee, thus casting upon the latter the burden of proving by clear testimony that the transaction was fair, and the result of the grantee's free will, where it appeared that the grantee was an influential and prominent party who had for many years rendered financial assistance to the grantor, lending him money, advising and assisting him to pay for the land involved which for four or five years prior to the grantor's death had been left in the hands of the grantee who collected the rents, paid them to the grantor, etc., the grantor being an illiterate in failing health.

APPEAL from Marengo Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by Enos Rodgers and others against W. C. Harrison to cancel deed. Judgment for complainants and respondent appeals. Affirmed.

PETTUS, JEFFRIES & PETTUS, and B. F. ELMORE, for appellant. No trust relation was shown and the evi-

dence shows no improvident bargain.—*Holt v. Agnew,* 67 Ala. 368; *Judge v. Williams,* 19 Ala 765.

GEORGE PEAGRAM, for appellee. Harrison was an agent.—*Gibson v. Snow Co.,* 94 Ala. 351; 1 A. & E. Ency. of Law, 938. This relation being shown the burden was on the respondent to show that the transaction was fair and just, and without undue influence.—*Holt v. Agnew,* 67 Ala 368; *Shipman v. Furniss,* 69 Ala. 564; *Haraway v. Haraway,* 136 Ala. 503; *Waddell v. Lanier,* 62 Ala. 347; *Williams v. Powell,* 66 Ala. 21; *Noble v. Moses,* 81 Ala. 541; *McQueen v. Wilson,* 131 Ala. 506.

McCLELLAN, J.—This bill was filed by appellees against appellant, seeking the cancellation of a deed of date July 22, 1905, an instrument tokening, of course, a transaction inter vivos, on the ground of undue influence exercised by appellant on Syd Catlin, now deceased. The seventh paragraph of the answer of appellant is in part as follows: "Respondent avers that for years, probably 20 or 25 years, respondent has rendered financial assistance to the said Catlin, who was a poor, hard-working, humble negro when respondent first knew him at Faunsdale; that respondent loaned the said Catlin money with which to go into the business of selling meats, etc., at Faunsdale, and that at divers times he has advised with the said Catlin how to run his (the said Catlin's) business; that it was on respondent's advice and suggestion that the said Catlin purchased the lands herein described, and through his assistance that the said lands were paid for. Respondent alleges that some four or five years prior to the death of the said Catlin the said Catlin moved away from Faunsdale, and left his property in the hands and in charge of respondent; that each and every month the rents and incomes from

said property were paid to the said Catlin during his lifetime. * * *" On the cross-examination respondent testified in part: "I don't know what amount of insurance Syd had in the Knights of Pythias. I have been paying his dues. * * * He owned property at Faunsdale when he left there and when he left he left me as his agent. I collected his rents, paid his dues in K. of P., and paid his taxes. I got about $8.50 to $10.50 per month rent. There were some months I didn't collect at all. I charged him 10 per cent. for collecting. I collected his rents up to the time he came home. * * * The last annual settlement I had with Syd was in January, 1905."

Under repeated decisions of this court these facts, taken from the formal answer of the respondent and from his testimony in the cause, show beyond doubt that a relation of trust and confidence existed between Syd and respondent at the time the conveyance assailed was attempted to be executed and perfected.—*Holt v. Agnew,* 67 Ala. 367; *McQueen v. Wilson,* 131 Ala. 606, 31 South. 94; *Harraway. v. Harraway,* 136 Ala. 506, 34 South. 836. Such being the status, the burden was on the alleged grantee, respondent, to show by clear and convincing testimony that the transaction was fair and just, and that the act under investigation was the result of the free will of the grantor, or, conversely, was not the product of an undue influence exerted upon the alleged grantor by the grantee.—*Malone v. Kelley,* 54 Ala. 538, and authorities, supra. The purported grantee was a prominent, intelligent, and influential member of the dominant race. The purported grantor was an illiterate negro and in failing health, at least. The evidence shows beyond any real doubt that the lands described in the assailed instrument were worth many times the value paid or promised to be paid therefor by the purported

grantee. It will serve no useful purpose to discuss the evidence in detail. A careful consideration of it does not convince that the learned chancellor erred in his conclusion that the respondent had not discharged the burden of proof in the premises resting upon him. We therefore affirm the decree appealed from.

Affirmed.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.