# Jones v. Brooks.

## *Will Contest.*

(Decided December 18, 1913.　63 South. 978.)

1. *Wills; Execution; Attestation.*—Under section 6172, the validity of a will attested as required by said section is not impaired by the fact that two other witnesses signed their names as witnesses when not in the presence of the testator.

2. *Same; Contest; Undue Influence; Burden of Proof.*—The contestant by merely showing a confidential relation between the beneficiary and the testator does not put the burden of proof upon the beneficiary of showing that the act was voluntary and did not result from undue influence; the contestant must produce evidence showing or tending to show active interference on the part of the beneficiary in procuring the execution of the will, and in order to cast the burden, the activity of the beneficiary must be more than an activity or interest referable solely to a compliance with or obedience to the voluntary directions of the testator.

3. *Same; Evidence.*—The evidence in this case examined and held to show that the making of the will was the voluntary and untrammeled act of the testator; and held not to show such activity or interest on the part of the beneficiary as to cast upon him the burden of showing that the act was voluntary and did not result from undue influence.

4. *Same; Presumption and Burden of Proof.*—Where a contestant makes out a case casting the burden upon the beneficiary under the

[Jones v. Brooks.]

will of showing that the will did not result from undue influence, the beneficiary may overcome such presumption by proof of competent, independent advice from counsel, or by any other evidence which satisfies the judicial conscience that the will was a voluntary and well understood act of the testator's mind.

APPEAL from Russell Probate Court.

Heard before Hon. H. T. BENTON.

Petition by J. Estes Jones for the probate of the will of Mary E. Jones, his wife, with contest by Rosa E. Brooks. From a decree denying probate, petitioner appeals. Reversed, rendered and remanded.

The contestant is described as a sister and sole heir at law of the deceased testator, and declares that, at the time of the making of the will, testator was desperately ill with a fatal malady, and that by virtue of the influence of the same she was not of sound mind and not capable of making a will. The other grounds alleged are that petitioner was the husband of testator, exerted undue influence over her by virtue of the relationship, and further that the will was executed at a time when she was under duress and fear of said petitioner. An issue was made up resulting in a judgment denying probate. The facts sufficiently appear in the opinion.

C. E. BATTLE, and EVANS & PARRISH, for appellant. The fact that others attested the will not in the presence of the testator does not affect its validity where it appears that two witnesses attested the same in the presence and at the request of testator.—*Connolly v. Gayle,* 61 Ala. 116. Sanity is the normal condition of the mind, and the presumption is that every person of full age has sufficient mental capacity to make a will.—*Cotton v. Ulmer,* 45 Ala. 378; *Daniel v. Hill,* 52 Ala. 430; *O'Donnel v. Rodiger,* 76 Ala. 22. It is not necessary that the mind be wholly

[Jones v. Brooks.]

unimpaired.. It is only necessary that the person knows the property he is about to bequeath, knows to whom he wants it to go, and the manner in which he wants to dispose of it, and understands the business he is engaged in.—*Leeper v. Taylor,* 47 Ala. 221; *Eastis v. Montgomery,* 95 Ala. 494; *Bulger v. Ross,* 98 Ala. 271; *Berney v. Torrey,* 100 Ala. 169. In order to overthrow a testamentary disposition the undue influence exerted must be such as dominates the will of the testator and substitutes the will of another—such importunity or coercion as could not be resisted.—*Bancroft v. Otis,* 91 Ala. 291; *Garrett v. Heflin,* 98 Ala. 618, and authorities next above. The mere existence of undue influence or an opportunity to exercise it is not sufficient.—Authorities supra, and 119 Ala. 641; 40 Cyc. 1144, et seq. The mere evidence of confidential relations is not sufficient to shift the burden to the contestee.—*Hutchinson v. Bibb,* 142 Ala. 536; *Chandler v. Jost,* 96 Ala. 596; *Bancroft v. Otis, supra;* 40 Cyc. 1153, and authorities supra. The declarations of the testator made at the time of the execution of the will or so near thereto as to be part of the res gestæ are admissible in evidence.—*Roberts v. Trawick,* 13 Ala. 68; *Coghill v. Kennedy,* 119 Ala. 641. Counsel contend that under the evidence the burden of proof was not cast upon the proponent, and that the court was in error in the verdict rendered.

GLENN & DE GRAFFENRIED, for appellee. No brief reached the Reporter.

ANDERSON, J.—Section 6172 of the Code of 1907, in making certain requirements as to wills, among other things provides that the instrument must be attested by at least two witnesses, who must subscribe their names thereto in the presence of the testator. The will in question was so attested by Carrie R. Rutledge and

Mrs. Matthews, and it matters not that the other two witnesses, Dr. Hendrick and W. T. Rutledge, signed their names when not in the presence of the testatrix, as this would not impair the validity of the will.— *Conoly v. Gayle,* 61 Ala. 116.

It was held in the well-considered case of *Bancroft v. Otis,* 91 Ala. 279, 8 South. 286, 24 Am. St. Rep. 904, which has been often followed and cited, that upon the contest of a will, the contestant does not place the burden of proof upon the beneficiary thereunder of showing that the act was voluntary, and did not result from undue influence, by merely showing a confidential relationship between the parties, but he must go further and produce evidence tending to show active interference on the part of the beneficiary in procuring the execution of the will.—*Hutcheson v. Bibb,* 142 Ala. 586, 38 South. 754; *Eastis v. Montgomery,* 95 Ala. 486, 11 South. 204, 36 Am. St. Rep. 227; s. c., 93 Ala. 293, 9 South. 311; *Mullen v. Johnson,* 157 Ala. 262, 47 South. 584; *Lockridge v. Brown, infra,* 63 South. 524; *Scarbrough v. Scarbrough,* 64 South. 105. The activity, however, upon the part of the beneficiary, in order to cast the burden of proof upon him, must be more than an activity and interest referable solely to a compliance with or obedience to the free and voluntary instructions or directions of the testator.—*Mullen v. Johnson, supra; Eastis v. Montgomery, supra.*

Applying the foregoing rule to the case at bar, we are of the opinion that the only activity or interest shown by this contestee was in attempting to get the testatrix to sign a certain paper prepared by him at her request, and after repeated suggestions from her that she wished to make her will leaving him all of her property, and after she had repeatedly expressed a desire and intention to will him her said property to divers

[Jones v. Brooks.]

and sundry persons. It also appears that, after the paper was written by this contestee and was shown, or handed, to his wife, she deemed it insufficient, and for that or other reasons declined to sign it; that he did not urge or insist upon her signing it, but immediately destroyed it. It may be true that he brought the scrivener of the present will to the house, W. T. Rutledge, but the evidence shows that he went for said Rutledge and his wife in order to have company and assistance in his home while his wife was undergoing a surgical operation then in contemplation by the physicians; and the proof further shows that he made no mention of a will to any one, and that no mention was made of a will until the said Rutledge reached the house and was informed by Mrs. Jones that she wished him to prepare her will, and there is no evidence that this contestee urged or requested his wife to make such a will. We do not think that the evidence showed such activity on the part of this contestee as would cast upon him the burden of proof as to undue influence, but, if it did, we think that the evidence, when taken in connection with the surrounding circumstances and the conduct of the contestee, is sufficient to overcome all presumption of undue influence and to show that the making of the will was the voluntary and untrammeled act of the testatrix. The disposition of the property to the husband was the natural rather than unnatural thing for her to do, she having no living descendants or parents, and was in pursuance of the previous and often repeated determination to make such a will, and which determination she had often expressed to disinterested persons. It also appears that the contestee, knowing that the surgical operation might prove fatal or dangerous, insisted on going ahead with it without executing the will if a delay was harmful or dangerous, and became reconciled over the slight delay only after being informed

by the physicians that they could wait for the preparation and execution of the will.

After the contestant makes out a case which would cast the burden upon the beneficiary, the beneficiary may overturn the presumption by proof of competent, independent advice and counsel, "or by any other evidence which satisfies the judicial conscience that the gift was the voluntary and well-understood act of the testatrix's mind."—*Scarbrough v. Scarbrough,* and *Mullen v. Johnson, supra.* We do not understand the rule to be that this presumption can be overcome only by evidence showing that the testator had independent advice, but think that it may be overcome by any kind of legal evidence which would show that the act was voluntary and not the result of the undue influence of the beneficiary. There is an expression in the case of *McQueen v. Wilson,* 131 Ala. 606, 31 South. 94, which indicates that the presumption can only be overcome by proof of independent advice, but we do not think that the court meant to hold, or that it did hold, that it could not be overcome by evidence of other facts sufficient to show that the act was voluntary whether the testator had independent advice or not. At least the recent decisions do not indicate that the contestee would be confined to or compelled to prove this one fact in order to overturn the presumption.—*Scarbrough v. Scarbrough, supra; Mullen v. Johnson, supra; Hawthorne v. Jenkins,* 182 Ala. 255, 62 South. 505; *Harrison v. Rodgers,* 162 Ala. 515, 50 South. 364.

The probate court erred in rejecting the will, and the said decree is reversed, and one is here rendered ordering that the same be admitted to probate, and the cause is remanded.

Reversed, rendered, and remanded.

MCCLELLAN, SAYRE, and SOMERVILLE, JJ., concur.