## Whaley, *et al. v.* Crittenden.

### *Partition.*

(Decided February 11, 1915.    Rehearing denied June 3, 1915. 68 South. 886.)

*Deeds; Validity; Gift; Presumption and Burden of Proof.*— Where a conveyance is by a parent to a child, the prima facie presumption is that the parent is the dominant party, and that there is no undue influence, and the burden is on the grantor or those claiming through the grantor to overcome such prima facie presumption by proof, but when it is shown that the child was the dominant party, the burden shifts to the child to show the fairness of the transaction, and that the parent acted freely and voluntarily.

APPEAL from Dale Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by J. H. Whaley and others against Phoebe Crittenden, nee Whaley, to cancel a deed, and for a sale of the lands for division. From a decree dismissing the bill, complainants appeal. Affirmed.

H. L. MARTIN, for appellant.

J. E. Z. RILEY, for appellee.

MAYFIELD, J.—Appellants, as heirs of a grantor filed a bill against appellee to annul and cancel a deed conveying 80 acres of land to appellee. The deed was

made by a mother to her daughter, and the recited consideration was love and affection and $5. The bill alleges that the mother at the date of the deed was very old, about 80 years of age, very weak of mind and body, and almost, if not quite, non compos mentis; that the deed was obtained by a false and fraudulent promise, on the part of the grantee, to care for and support the grantor during the life of the latter, and that the recited consideration of $5 was never in fact paid. The answer denies all the above alleged equities. The case was heard on bill, answer, and proof, and the chancellor denied all relief and dismissed the bill. From such decree complainants prosecute this appeal.

The law applicable to such cases has been so often and so fully stated that we here need but to refer to a few of the later cases, in which most of the authorities will be found cited, and many reviewed.

The relation of parent and child, of course, is a close, confidential one; but the prima facie presumption is that the parent is the stronger and dominant party, and as to conveyances or gifts by the parent to the child, such presumption is of the absence of undue influence; therefore, in such cases, the burden is on the grantor or donor, or on those who claim through him to overcome by proof this presumption. This presumption, however, is only prima facie, and when by proof it is shown that the child, as a matter of fact, is the dominant party, the burden shifts to the child to show the fairness of the transaction, that the parent acted upon free and independent advice, or by any other proof that the grantor acted vountarily. The case is thus made to turn upon actual undue influence, and not upon any presumption of invalidity; upon the question whether the gift, grant, or beneficial act was the product of the free volition of the grantor, without impo-

sition, coercion, or undue influence on the part of the child.—*Hawthorne v. Jenkins,* 182 Ala. 255, 62 South. 505; *McLeod v. McLeod,* 145 Ala. 269, 40 South. 414, 117 Am. St. Rep. 41; *Noble v. Moses,* 81 Ala. 530, 1 South. 217, 60 Am. Rep. 175; *Cooley v. Stringfellow,* 164 Ala. 469, 51 South. 321; *Jones v. Brooks,* 184 Ala. 115, 63 South. 978.

The evidence entirely failed to prove that the parent gantor was insane, or that she did not understand the nature and effect of the deed, or that there was any duress, or fraud, sufficient to avoid the deed.

It would serve no good purpose to review or discuss the evidence in this opinion. It is sufficient to say that it has been carefully examined, and that we concur in the opinion and decree of the learned chancellor that the complainants failed to establish by the proof the equity of their bill, and that it should be dismissed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.