(119 So. 224)

**SCOTT v. HARDYMAN.** (6 Div. 22.)

Supreme Court of Alabama. Dec. 20, 1928.

516

L. H. Etheridge, of Bessemer, for appellant.

McEniry & McEniry, of Bessemer, for appellee.

FOSTER, J. This is a statutory bill to quiet the title and to require respondent to set forth her title to the west 20 acres in the S.W.¼ of S.E.¼, section 9, township 19, range 5. The respondent filed an answer and cross-bill. The answer denies that complainant owns the land in question. The cross-bill alleges that complainant and her husband deeded the land along with the east 20 acres in said 40 to Pinkney Scott on March 15, 1923, and he deeded it to respondent, his daughter, and that complainant is wrongfully withholding the land from her; that her title be declared, and complainant be restrained from occupying and trespassing on the land, and for general relief.

The answer to the cross-bill set up that the deed to Pinkney Scott was obtained by fraud, misrepresentation, concealment, and unfair dealing with complainant. Complainant is the wife of R. L. Hardyman. Prior to 1909 he owned 40 acres of land where his home is situated, the west 20 acres of which are here in question. In that year he conveyed to complainant the S. W.¼ of S. W.¼, section 9, township 19, range 5 west, which, though it did not describe the land in question, it is claimed was so intended. On May 14, 1927, he appears to have executed a deed conveying to complainant the S.W.¼ of the S.E.¼ of said section, township, and range, embracing the land in question. The bill was filed May 17, 1927. The fraud and unfair dealing, as alleged, consisted in this: R. L. Hardyman was in jail charged with murder; that Scott, as attorney, had been employed to represent him; that he declined to proceed with the defense without a deed conveying him the east 20 acres of the 40; that she agreed for him to prepare a deed for their signature, embracing the east 20 acres, whereas he included the entire 40 acres; that he never read the deed to her, nor acquainted her with its contents; that the west 20 acres was her homestead; that she and her husband could not read; that her husband was in jail, and that she did not know the contents of the deed, but relied on her attorney as to its contents, and without knowing the contents she executed the deed conveying both 20-acre tracts, including the west half on which her home was situated, and contrary to the agreement. Scott had been attorney for Hardyman for many years, and had been employed in this case prior to the deed transaction, but no agreement as to fees was made.

Evidence was taken, both by deposition and orally, in the presence of the court. The court rendered its decree, denying relief on the cross-bill, and adjudging title of the west 20-acre tract in complainant.

■■ The principles of law which have application are very well established. Some of them may be stated as follows:

"The principle in all our cases is, that while the confidential relation lasts, and as to its subject-matter, there must be no abuse of confidence with respect to·it, by which the attorney secures an unjust advantage over the client. It is easy to see, that in such time, and as to the business in which he is employed, the attorney could make unfair and unconscionable demands to which the client would yield, although he regarded them unjust, out of the fear of the consequences of a refusal, or from the attorney's undue influence over him; but, when the business is over, and the client, being sui juris, and fully informed as to the business transacted, and is on equal terms and dealing at arm's length with the attorney, voluntarily stipulates with him for compensation for his services which have been rendered, we are not aware of any principle on which such settlement can be properly set aside by the client, on the ground that he did not have competent and independent advice in making such settlement. Such a settlement could be set aside alone on the ground that there had been 'some intermixture of deceit, imposition, overreaching, unconscionable advantage, or other mark of direct and positive fraud.' 1 Story Eq. Juris, § 307; 2 Pom. Eq. Juris, § 960.

"The rule, even when the relation exists, is well expressed,—sustained apparently by numerous cases,—in 3 Am. & Eng. Ency. Law (2nd Ed.) 334, as follows: 'An attorney is under no actual incapacity, however, to deal with or purchase from his client; all that can be required is, that there shall be no abuse of the confidence reposed in him, no imposition or undue influence practiced, nor any unconscionable advantage taken by him of the client. As has been stated, in a transaction of this character the burden is upon the attorney to show its perfect fairness; but if the court is satisfied that the party sustaining the relation of client, performed the act or entered into the transaction voluntarily, deliberately, and advisedly, knowing its nature and effect, and that no concealment or undue means were used to secure his consent to what was done, the transaction will be upheld.' If the client is competent and capable and with full knowledge of the transaction he proposes to settle with his attorney, acts deliberately, and voluntarily settles his account for services with his attorney, there would seem to be no indispensable necessity for independent advice on the subject. This would certainly be true,' when shown that there had been no fraud, deceit or unconscionable advantage practiced by the attorney on the client, which would rebut the presumption of a violation of confidence reposed, as much so as independent advice would do. All that is necessary is, for the client to be placed in such a position as would enable him 'to perform an entirely free and unfettered judgment, independent altogether of any sort of control.' If this does not appear, it would be necessary to show that the client had independent advice, in order to remove the presumption of unfairness." Kidd v. Williams. 132 Ala. 140, 31 So. 458, 56 L. R. A. 879. See, also, Farrell v. Betts, 16 Ala. App. 668, 81 So. 188.

■■ In transactions inter vivos it is not always necessary to show independent advice when confidential relations exist, though the burden is on the grantee to do so or to show by other evidence which satisfies the judicial conscience that the deed was the voluntary and well-understood act of the grantor's mind, and was fair and just. The presumption of undue influence, resulting from a transaction inter vivos, between persons occupying confidential relations, whereby the dominant party gets an advantage (Hutcheson v. Bibb, 142 Ala. 586, 38 So. 754), may be overcome by evidence of other facts than independent advice, if sufficient to show that the act was voluntary, fair, and well understood. It is not necessary to prove this one fact in order to overturn the presumption (Jones v. Brooks, 184 Ala. 115, 63 So. 978, limiting McQueen v. Wilson, 131 Ala. 606, 31 So. 94), although it is usually done in this manner. Hutcheson v. Bibb, supra. It should at least be shown "that the transaction was fair, just, and righteous." Yarbrough v. Harris, 168 Ala. 332, 52 So. 916, Ann. Cas. 1912A, 702.

■ Appellant insists here that at the time of the execution of the deed the relation of attorney and client did not exist, and therefore there were no confidential relations, but that thereby such relations came into being. This is not sustained by the evidence. The proper inference from Scott's evidence is to the contrary. He testified he had been attorney for Hardyman continuously for about 20 years, and, from all the evidence taken together, it appears that the relation of attorney and client then existed. The complainant and her husband were both ignorant, unable to read and write, and he in jail, and a murder charge against him, called and ready for trial, and, though as attorney Scott had been representing him in the case, he declined to proceed without the deed in question.

■■ It may be assumed that the pleadings and evidence are not sufficient to show fraud in including both 20-acre tracts. The evidence on that issue was not clear. The evidence of the notary who took the acknowledgment did not sustain either party. We note that the trial court did not predicate its decree upon that ground. It was based upon the presumed undue influence, and unfairness, growing out of the relation of the parties and the failure of the grantee to meet the burden imposed by law. There was no evidence showing either the fairness of the

transaction or independent advice. There was much uncertainty from the evidence as to the services rendered or to be rendered, for which the deed was executed; none as to the value of the services; none as to the value of the land; none that the grantors were advised in the premises. It was a proposal of the grantee attorney made on the very threshold of the trial, without previous consideration or discussion. Giving due presumption to the correctness of the decree based on oral evidence, and, in view of the legal principles herein referred to, and the state of the evidence, we are not willing to hold that the decree of the lower court was erroneous.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.