159 So. 218

## BOOTHE v. REED et al.
### 6 Div. 641.

Supreme Court of Alabama.
Jan. 17, 1935.

Rehearing Denied Feb. 21, 1935.

McEniry & McEniry, of Bessemer, for appellant.

T. B. Ward, J. M. Ward, and Foster, Rice & Foster, all of Tuscaloosa, for appellees.

KNIGHT, Justice.

The appellant filed her bill, under the provisions of section 9905 et seq. of the Code, to quiet title to certain lands in Tuscaloosa county. The bill was filed originally against Lela B. Reed, one of the appellees, but was subsequently amended by making Marie Leach Besaw a party respondent. The bill, as one to quiet title, contains all the jurisdictional averments, and its sufficiency is admitted.

To the amended bill the respondents file an answer and cross-bill. In this answer and cross-bill the cross-complainants insisted that they were the joint owners of the property; that they acquired the title to the property as purchasers at a foreclosure sale, had under the power of sale contained in a mortgage, executed by the complainant on March 11, 1931, to C. B. Verner, as trustee of the estate of Mrs. A. M. Tait. Copies of this mortgage and of the deed executed to them on foreclosure of the mortgage are made exhibits to the bill. By their cross-bill the cross-complainants prayed that the lands be decreed to be the joint property of the cross-complainants, and, as such owners, entitled to the rents accruing therefrom for the year 1933, and "during any other period pending the final decree of the court."

To this cross-bill the cross-respondent filed an answer in which she charged that a certain portion of the land, which constituted her homestead, was inserted in the mortgage without her knowledge or consent; that she executed the mortgage in entire ignorance that her homestead tract, consisting of some thirteen acres, was included in the mortgage; that she had always declined to incumber her homestead; that C. B. Verner, who prepared the mortgage, was, and had been for many years, her attorney, and that he had her full confidence and trust; that she had no independent advice; that the said C. B. Verner represented to her that the lands included in the mortgage did not include her homestead; and that in executing the said mortgage to said Verner, as trustee, she was wholly misled by the said Verner, who, by reason of being her attorney of long standing, had her full confidence and trust.

In its statements and charges of fraud and undue influence, the answer was sufficient, if true, to stamp the mortgage, to the extent that it attempted to convey the homestead tract, as invalid, and to require the court to set it aside.

The evidence was in part documentary, and in part oral, given in open court before the judge hearing the cause. Only two witnesses were examined. Mrs. Boothe testified in her own behalf, and the said C. B. Verner was called, and testified as a witness in behalf of the respondents.

The evidence relied upon to show fraud and undue influence on the part of said Verner, and that relied upon by the respondents to show that there was no such fraud, or undue influence exerted upon the complainant, to induce the execution of the mortgage, was given orally before the trial court.

The court below rendered a decree denying relief to the complainant, and awarded relief to the respondents, cross-complainants; and held the cross-complainants Lela B. Reed and Marie Leach Besaw were and are the legal owners of the entire tract, including the homestead tract, all of which property is fully described in the decree. Thus, by said decree, the court adjudicated that the mortgage executed by the complainant to said Verner, as trustee, was not procured by fraud or undue influence, that it was therefore valid, and that the deed executed on the foreclosure of said mortgage was also valid. The court also decreed that the cross-respondents were entitled to the rents accruing from said property for the years 1933 and 1934.

The appellant invokes, in this case, the well-known and familiar principles of law governing the conduct of attorneys in their dealing with clients, where confidential relations exist between them.

692

It is, of course, well understood that, so long as confidential relations exist between attorney and client, there must be no abuse of confidence with respect to it, by which the attorney secures an unjust advantage.

In transactions inter vivos, the principle is thus declared in the case of Scott v. Hardyman, 218 Ala. 515, 119 So. 224, 225, to which we give our full approval: "In transactions inter vivos it is not always necessary to show independent advice when confidential relations exist, though the burden is on the grantee to do so or to show by other evidence which satisfies the judicial conscience that the deed was the voluntary and well-understood act of the grantor's mind, and was fair and just. The presumption of undue influence, resulting from a transaction inter vivos, between persons occupying confidential relations, whereby the dominant party gets an advantage (Hutcheson v. Bibb, 142 Ala. 586, 38 So. 754), may be overcome by evidence of other facts than independent advice, if sufficient to show that the act was voluntary, fair, and well understood. It is not necessary to prove this one fact in order to overturn the presumption (Jones v. Brooks, 184 Ala. 115, 63 So. 978, limiting McQueen v. Wilson, 131 Ala. 606, 31 So. 94), although it is usually done in this manner. Hutcheson v. Bibb, supra. It should at least be shown 'that the transaction was fair, just, and righteous.' Yarbrough v. Harris, 168 Ala. 332, 52 So. 916, Ann. Cas. 1912A, 702."

Whether Verner was the attorney for the complainant and that relation of trust and confidence existed between them was in sharp conflict. The burden of showing, in the first instance, that such relation existed, was upon the complainant.

Our uniform ruling is that, where the evidence, in the main, was given in open court, before the judge trying the case, the conclusion reached by the trial court will not be disturbed on appeal, unless plainly opposed to the great weight of the evidence. McCay v. Parks, 201 Ala. 647, 79 So. 119; Profile Cotton Mills v. Calhoun Water Co., 204 Ala. 243, 85 So. 284.

The trial court, as above stated, decided the issues of fraud and undue influence, as well as the relationship existing between the complainant and Verner against the appellant, and, under our long-established rule, the evidence discloses no reason to disturb his conclusions. But this rule aside, after a full and careful examination of all the evidence offered in the case and due consideration thereof, we are not impressed that any fraud or undue influence was exerted upon the complainant by Mr. Verner. On the contrary, we are satisfied that the mortgage executed to Mr. Verner, as trustee, by the complainant, and which is the basis of the appellees' title to the property, was the voluntary and well-understood "act of the grantor's mind, and was fair and just."

The decree of the circuit court will therefore stand.

Let the decree appealed from be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.