183 So. 656

### HOLLINGSWORTH v. RUTLEDGE et al.

#### 7 Div. 467.

Supreme Court of Alabama.

Oct. 6, 1938.

Whiteside & Woolf and Merrill, Jones & Merrill, all of Anniston, for appellant.

498

C. H. Young and Knox, Acker, Sterne & Liles, all of Anniston, for appellees.

ANDERSON, Chief Justice.

This appeal involves the action of the trial court in failing to charge George W. Rutledge, as administrator of his mother's estate, with a sum of money turned over to him by her prior to her death upon the contention that the claimed gift to him of such sum was invalid because, at the time of the delivery of the fund to him, she, the mother, was mentally incapable of making a valid disposition of her property or, in the alternative, that if not totally in-competent, it was the result of undue influence.

There is little doubt that the mother, Mrs. Rutledge, was a very old woman at the time of her death and that she had reached a state of senility and that her mind began to weaken two or three years before her death, but the gift in question was made in 1926, about nine years before her death.

The evidence was in sharp conflict as to the mental condition of the mother when said gift was made and it was ore tenus; the witnesses being seen and heard by the trial court, the conclusion on the facts is like unto the verdict of a jury and will not be disturbed upon appeal unless the conclusion was contrary to the great weight or preponderance of the evidence, and this rule obtains in equity as well as law. Fitzpatrick v. Stringer et al., 200 Ala. 574, 76 So. 932; W. C. McCarty et al. v. John Yarbrough, 223 Ala. 702, 137 So. 913. We can not say that the conclusion of the trial court, as to the mental capacity of the mother, was contrary to the great weight of the evidence.

As to the charge of undue influence, it may be conceded that the relationship and general dealings between George and his mother were such as to place the burden upon him to show that the gift to him was voluntary and well understood by his mother and that the transaction was fair, just and righteous. The trial court, in effect, found that it was and, applying the foregoing rule, we can not say that said finding was contrary to the great weight of the evidence. True, there was no proof of independent advice, but this is not the sole or indispensable method of satisfying the judicial conscience that the act was voluntary. Scott v. Hardyman, 218 Ala. 515, 119 So. 224; Jones v. Brooks, 184 Ala. 115, 63 So. 978; limiting McQueen v. Wilson et al., 131 Ala. 606, 31 So. 94.

The decree of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.