41 So.2d 568

## WELLS v. WELLS.

### 8 Div. 499.

Supreme Court of Alabama.
June 23, 1949.

P. W. Shumate, of Guntersville, and Roy D. McCord, of Gadsden, for appellant.

Scruggs & Scruggs, of Guntersville, for appellee.

FOSTER, Justice.

The question in this case is whether a deed made by plaintiff to defendant (his son) should be set aside and cancelled in equity on account of undue influence and want of delivery. The trial court denied relief on the evidence and plaintiff appeals.

The equity of the bill was tested on a former appeal. Wells v. Wells, 250 Ala. 106, 33 So.2d 466.

The only contentions made in the bill, were undue influence, not stated in those terms, and a failure to deliver the deed and the failure to pay the consideration expressed in the deed. The last named claim needs no discussion.

The bill alleges the making and delivery of the deed on November 25, 1943, which contains the following clause: "The house and barn on south side public road in the above described forty acres is hereby reserved to the grantor." It was recorded November 26, 1943.

An amendment to the bill alleges that the deed was not delivered to defendant but was kept by him in his trunk and was not to be delivered until the full purchase price was paid, and that said deed was taken out of his trunk and recorded against his will and without his knowledge while he was away in Georgia. Plaintiff so testified. But the deed was recorded the next day after its execution and before plaintiff went to Georgia. We agree with the trial court that the deed was delivered.

At the time of the execution of the deed another instrument was drawn up and executed by both parties specifying how the consideration was to be paid. It recited $2500, as stated in the deed as the consideration payable $100 cash, which was that day paid, and $100 on the 1st day of January of each year during the life of plaintiff, and at his death no further payments to be collectible; and that plaintiff should have the old home where he then lived during the balance of his life, and at that time all his personal property was to be equally divided between defendant and R. S. Wells. The latter was the only other child of plaintiff. Defendant has offered payment to plaintiff of each such sum as it matured and has paid the same into court on its refusal by plaintiff. Defendant also claims that there was a mortgage on the land to the Federal Land Bank and he told his father that he would pay off the same. It was due in installments and he could not discharge it in full then. But his father has made a payment on said mortgage of $394.50, the amount of which defendant has also deposited in court in this case for payment to his father.

Plaintiff was a widower when the deed was made with two grown and mature sons. Defendant was one of them. Plaintiff was approximately sixty-seven years of age. He evidently was in fair financial circumstances. He attended to his own business and did not in any respect so far as shown rely upon defendant in business or otherwise in a confidential way. Though he may not have been as strong as he once was, he was in no sense so feeble or infirm as to be unable to transact his business. The land consisted of twenty-two acres. He later sold another tract to the other son, and has a suit on appeal to cancel that deed also, which we have this day decided. Wells v. Wells,[1] 41 So.2d 564.

Plaintiff made, executed and delivered the deed apparently free of influence when he was thoroughly capable of transacting

his own business. What property he had left does not clearly appear. But he has since remarried and his stepson has cultivated the land some of the time. Defendant and his family moved off when friction arose between them.

There is nothing on which to predicate a presumption of undue influence and none in fact is shown. Hawthorne v. Jenkins, 182 Ala. 255, 62 So. 505, Ann.Cas. 1915D, 707; Whaley v. Crittenden, 192 Ala. 341, 68 So. 886; Hassell v. Hassell, 201 Ala. 190, 77 So. 716; Gibbons v. Gibbons, 205 Ala. 636, 88 So. 833; Cox v. Parker, 212 Ala. 35, 101 So. 657; Bell v. Moss, 236 Ala. 437, 183 So. 424; King v. King, 242 Ala. 53, 4 So.2d 740; Tipton v. Tipton, 249 Ala. 537, 32 So.2d 32.

Affirmed.

BROWN, LAWSON and STAKELY, JJ., concur.

41 So.2d 401

### CATES et ux. v. WHITE.
### 8 Div. 458.

Supreme Court of Alabama.
June 23, 1949.

Russell W. Lynne, of Decatur, for appellants.

Malone & Malone, of Athens, for appellee.

cause, express the true agreement of the parties, equity will reform it. Larkins v. Biddle, 21 Ala. 252; McCaskill v. Toole, 218 Ala. 523, 119 So. 214. In absence of due date of mortgage, the presumption is the mortgage is due on demand. 41 C.J. 396.

LIVINGSTON, Justice.

Bill in equity to reform a mortgage and to foreclose. Demurrer was interposed to the bill of complaint and overruled. The respondents who are the mortgagors appeal.