# Lockridge v. Brown.

## Will Contest.

(Decided November 13, 1913. 63 South. 524.)

1. *Appeal and Error; Record; Motion to Strike; Time.*—Motion to strike the record because not filed in time came too late where it was not made until after the cause was continued several times, and was then submitted on motion to strike bill of exceptions and on the merits, without objection being made to delay in filing the record. The facts being that the motion to strike the bill was sustained and the judgment affirmed but on subsequent motion, the affirmance and submission were set aside by consent, and the case again submitted at a subsequent time on the merits, at which time the motion to strike the record was made.

2. *Same; Harmless Error; Evidence.*—Where the execution of a will was proved in the proper manner which was not contradicted, the contestant was not prejudiced by the refusal of the court to exclude an answer to an improper interrogatory which was merely cumulative and corroborative. ·

3. *Same.*—A party cannot complain of the admission of illegal evidence in rebutal of illegal evidence introduced by himself.

4. *Same; Instructions.*—The fact that instructions given were calculated to mislead and were abstract is not grounds for reversal, unless it appears that they operated to the prejudice of the appellant.

5. *Wills; Execution; Signing by Witnesses.*—Section 6172, Code 1907, does not require that the attesting witnesses shall act at the testator's personal request, but in the presence of the testatrix.

6. *Same; Execution; Undue Influence.*—The mere fact of a confidential relation between the testator and the principal beneficiary is. not sufficient to raise a presumption of undue influence; there must be, in addition, proof of actual interference by the beneficiary in procuring the execution of the will.

7. *Same; Mental Capacity; Instruction.*—The charge asserting that if testatrix had an attack of lagrippe in the spring of 1899, which

so impaired her mind that she did not know her property, or comprehend the effect of making a will, then the burden was on proponent to show that she had regained, or had been restored to, her mental capacity of knowing her property, and the consequences of the will at the time she made it, pretermitted the hypothesis that the attack was such as to render her permanently insane, and was consequently properly refused.

8. *Same; Undue Influence.*—Where the only proof between the connection of the beneficiary with the making of the will was that he accompanied the testatrix to Detroit, at her request, charges asserting that if he, acting as her confidential agent, gained her affection and confidence, managed her property, and accompanied her to Detroit to see R. in reference to preparing the will, was present when it was executed, and had testatrix execute it, then the burden was on him to show that he used no undue influence, etc., were abstract, placed a too great burden on the beneficiary, and were unsustained by the evidence.

9. *Same.*—Instructions requiring proponent to "show" that he used no undue influence were calculated to mislead the jury to believe that he was required to establish such issue conclusively, when in fact he was required only to reasonably satisfy the jury that such was a fact.

10. *Same.*—It was proper to instruct that the law treats the right of testamentary disposition with great kindness, and if questioned, it must be on strong grounds.

APPEAL from Lamar Probate Court.

Heard before Hon. R. L. BRADLEY.

Application by Dock F. Brown for probate of the will of Isabella Brown, deceased, to which Julia I. Lockridge filed objections. From a decree admitting the will to probate, contestant appeals. Affirmed.

The fourth interrogatory propounded to Patton was as follows: "Have you examined the typewritten instrument attached hereto, and marked 'Exhibit A,' and purporting to be a copy of the last will of said Isabella Brown, deceased? If so, please state whether or not the name of said Isabella Brown, deceased, was signed to said instrument in writing, of which said typewritten instrument, marked 'Exhibit A,' purports to be a copy, and which instrument in writing is hereinafter referred to as the will of said decedent in your presence."

The following charges were refused to appellant: "(1) If the jury believe from the evidence that the witness Clark attested the instrument reported to be the will of Isabella Brown at the request of J. H. Ray, if not at the request of Isabella Brown, then he is not a competent witness to prove the execution of the will.

"(2) If the jury believe from the evidence that J. T. Clark witnessed the making of the mark to the will, and this was done at the request of J. H. Ray, then Mr. Clark is not a proper attesting witness.

"(3) If the jury believe from the evidence that Ray requested Clark to attest to Isabella Brown's mark to the paper, then this would not be request on the part of Mrs. Brown to request Mr. Clark to witness the will."

"(8) The evidence of confidential relationship between the testatrix and the beneficiaries excites the suspicion and jealousy of the court, and casts upon the beneficiary of the will the duty of showing by affirmative evidence the testatrix's capacity, volition, free agency, at the time of the execution of the will. If this is not shown, your verdict should be against the will.

"(9) If the jury believe from the evidence that Dock Brown occupied a confidential relation to Isabella Brown, though he was her son, the burden of proof is on Dock Brown to show, by weight of evidence, that the alleged will was not produced by fraud or undue influence, and if the jury shall not be satisfied in their own minds from the evidence that no fraud or undue influence was exerted by Dock F. Brown directly or through the instrumentality of others upon Isabella Brown in the procurance of the will, the jury must find it is not valid, and render a verdict against the will.

"(10) If the jury should believe from the evidence that confidential relationship existed between Dock

Brown and Isabella Brown at the time of the execution of the alleged will, then the burden is cast upon Dock Brown to show by a reasonable preponderance of proof that the alleged will was not superinduced by fraud or undue influence, but was the result of the free volition of Isabella Brown. This rule of law is one of public policy designed to prevent the abuse of such confidential relationship, and to preserve it free from the taint of overreaching selfishness, and if the evidence fails to reasonably satisfy the jury that there was no fraud or undue influence used by Dock Brown or others, then the verdict will be against the will."

Charges 11, 12, 20, 21, and 22 were of similar import to the last two set out.

"(19) If the jury believe from the evidence that, when Mrs. Brown had an attack of la grippe in the spring of 1899, it so impaired her mind that she did not comprehend or know her property, or know the effect of making the will, then the burden of proof is on the proponent of the will to show that she had regained or had been restored to her mental capacity of knowing the property, and knowing the consequence of the will at the time of making the will. If the proponent then has failed to do this, your verdict will be against the will."

"(30) If the jury believe from the evidence that Brown, the proponent, acted as the agent of Isabella Brown, gained her affection and confidence, managing her property, and accompanied her to Detroit to see J. H. Ray in reference to preparing the alleged will, and the said D. F. Brown was present at the time said will was executed, and the said D. F. Brown had the said Isabella Brown to execute this will, then the burden of proof is on him to show that he used no undue influence causing her to make the said will; and, if the

proof has failed to reasonably satisfy your minds that said D. F. Brown did not use undue influence upon said Isabella Brown, then your verdict must be against the will."

"(32) If the jury believe from the evidence that D. F. Brown had his mother to execute this will, then the burden is upon D. F. Brown to show that he used no undue influence upon the said Isabella Brown in the execution of this will, and if he fails to show this, your verdict must be against the will."

Charge 33 is as follows: "The law treats the right of testamentary dispositions with great kindness; if questioned, it must be on strong grounds."

WALTER NESMITH, J. C. MILNER, and TYSON, WILSON & MARTIN, for appellant. The motion to dismiss came too late, as the appellee had joined in error.—Rule 41, Sup. Ct. Pr.; *Coats v. Elkin,* 60 South. 941. The court erred in refusing charges 1, 2 and 3.—Sec. 6172, Code 1907, and cases cited. Charges 8, 9, 10, 11, 12, 20, 21 and 22 should have been given.—*Coghill v. Kennedy,* 119 Ala. 558. Charge 19 was proper and should have been given.—*Johnson v. Armstrong,* 97 Ala. 731. Charges 30 and 32 should have been given.—*Lyons v. Campbell,* 88 Ala. 462; *Coghill v. Kennedy, supra.* The court erred in giving charges 11, 30, 32, 35, 37 and 38 at the request of appellee.—42 Ala. 273; 109 Ala. 634; 111 Ala. 45 and 418. The court erred in giving charge 33.—*Mills v. State,* 42 South. 816. The court erred in overruling objections to the fourth interrogatory of J. L. Patton's deposition, and in refusing to exclude the answer.—*Jacques v. Horton,* 76 Ala. 238; 100 Ala. 173.

JOHN S. STONE, for appellee. Counsel insists that the record should be stricken because not filed within

[Lockridge v. Brown.]

the time.—Sec. 2848, Code 1907. There was no error in refusing the charges requested by appellant.—*Bancroft v. Otis,* 91 Ala. 279; *Johnson v. Armstrong,* 97 Ala. 731; *O'Donnel v. Rodiger,* 76 Ala. *Eastis v. Montgomery,* 95 Ala. 486; *Shirley v. Ezzel,* 60 South. 907. Charges given at the request of appellee were properly given.—*Eastis v. Montgomery, supra; Knox v. Knox,* 95 Ala. 495; *Schiefferlin v. Schiefferlin,* 127 Ala. 18. The objection to the deposition and answer came too late.—*Ala. Nat. Bank v. Rivers,* 116 Ala. 18. In any event, it was harmless.—*Florence W. Wks. v. Kalamazoo,* 114 Ala. 601; *W. U. T. Co. v. Rowell,* 166 Ala. 655. Where a party introduces incompetent evidence, the adversary party may rebut it.—*Longmeiere v. State,* 130 Ala. 66; *Gordon v. State,* 129 Ala. 113; *McIntyre v. White,* 124 Ala. 177; *M. & B. Co. v. Ladd,* 92 Ala. 287.

ANDERSON, J.—The record in this case was filed in this court in November, 1909, and the cause was several times continued. It was then submitted upon the merits, and upon a motion to strike the bill of exceptions, and no point was made as to the delay in filing the record. The motion to strike the bill of exceptions was sustained, and the case was affirmed by this court. The judgment was then set aside by consent of parties, as well as the submission, and the case was again submitted at a subsequent term upon the merits and upon motion to strike the record because not filed in time. This motion to strike, not having been made until this late day, comes too late, and the same is overruled.—*Martin Machine Works v. Miller,* 132 Ala. 629, 32 South. 305.

It may be true that the fourth interrogatory to the witness Patton was objectionable, as it sought to prove the execution of the will in an improper way, but the

evidence in this respect was merely corroborative of the testimony of the witness Clarke, who had proved the execution of the will in the proper way, and whose evidence was not contradicted. In other words, while the grounds of contest may have charged, among other things, that the will was not executed, yet the execution of same was properly proved by the witness Clarke; and, as there was no contradictory evidence on this point, the court could have given affirmative instructions as to the execution of the will, regardless of the corroborative or cumulative evidence of the witness Patton in response to the fourth interrogatory; and which related to the execution of the said will.

It is no doubt true that the question asked the witnesses Andrew and B. M. Knight, upon rebuttal, as to whether or not in their judgment the testatrix was mentally capable of making a will disposing of her property was illegal, but it was in rebuttal to the proof brought out by the appellant under identical questions which had been objected to by the appellee. A party cannot complain of the admission of illegal evidence, in rebuttal of illegal evidence introduced by himself.— *Winslow v. State,* 92 Ala. 78, 9 South. 728; *McIntyre v. White,* 124 Ala. 177, 26 South. 937.

There was no error in refusing charges 1, 2, and 3, requested by the appellant. The appellant merely repeats the assignment of error in the brief, and cites section 6172 of the Code of 1907. It is questionable as to whether or not this is a sufficient insistence, but if it was, it would be without merit as the statute requires the attestation to be in the presence of the testator, not necessarily at his personal request, non constat, Ray was acting for testatrix.

There was no error in refusing the appellant's requested charges 8, 9, 10, 11, 12, 20, 21, and 22. They

place the onus upon the contestee upon the existence
of a confidential relationship alone, and pretermit any
activity on his part in procuring the making of said
will.   They seem to have been based upon the holding
in the case of *Moore v. Skill,* 80 Ala. 129, but which
said case was overruled in *Bancroft v. Otis,* 91 Ala. 279,
8 South. 286, 24 Am. St. Rep. 904, wherein it was laid
down that confidential relationship between the testa-
tor and beneficiary alone ·does not raise the presump-
tion that the will was procured by undue influence, as
there must be evidence, in addition to the fact of rela-
tionship, of the active interference of the beneficiary in
procuring the execution of the will.   This rule as thus
laid down is approved in the case cited by appellant
(*Coghill v. Kennedy,* 119 Ala. 665, 24 South. 459).

"The law presumes that every man is sane until there
is evidence to the contrary.—*Barnewell v. Murrell,* 108
Ala. 379, 18 South. 831.   The burden of proof is upon
the party attacking a conveyance to show the incapac-
ity of the grantor at the time it is made, and insanity
prior to that time does not raise the presumption of in-
sanity at a subsequent time, unless it is shown that the
insanity is permanent in its nature.—*Johnson v. Arm-
strong,* 97 Ala. 731, 12 South. 72; *Murphree v. Senn,*
107 Ala. 424, 18 South. ·264.   Therefore proof of in-
sanity at intervals or of a temporary character would
create no presumption that it continued up to the ex-
·ecution of the instrument, and the burden would be
upon the attacking party to show insanity at the very
time of the transaction.   On the other hand, when men-
tal incapacity is once established and is shown to be
permanent in its nature, the law presumes that it con-
tinues, and the party claiming insanity meets the bur-
den when once establishing permanent insanity.   If the
insanity is not questioned, but the act involved is claim-

ed to be during a lucid interval, the burden of proof would be upon the party suggesting the lucid interval."
—*Pritchard v. Fowler,* 171 Ala. 662, 55 South. 147.

Charge 19, refused the appellant, if not otherwise faulty, is bad for pretermitting the hypothesis that the attack of la grippe in the spring of 1899 was such as rendered testatrix permanently insane. It may have so impaired her mind that she did not comprehend or know her property, or appreciate the fact of making a will, yet unless the incapacity was permanent, it was not incumbent upon the proponent to show that she was sane when the will was made.

The trial court will not be reversed for refusing charges 30 and 32, requested by the appellant. In the first place, they are abstract, as there was no evidence tending to show any act or conduct upon the part of the appellee to induce the testatrix to make the will, and the only connection that he seems to have with the whole transaction was to accompany her to Detroit at her request. Second, if the charges were not abstract they place too great a burden upon the appellee. All that the law would require of him would be to reasonably satisfy the jury that he used no undue influence, yet these charges say he must "show" the jury that he used no undue influence. The word "show" could be considered by the jury as a much stronger term than "reasonably satisfy," and the use of same was calculated to mislead.—*Dorrough v. Harrington,* 148 Ala. 311, 42 South. 557; *Vandeventer v. Ford,* 60 Ala. 610.

The only insistence as to error, in brief of appellant's counsel, as to appellee's given charges 11, 30, 31, 32, 35, 37, and 38, is that they are abstract and calculated to mislead. This vice will justify the refusal of such charges, but the trial court will not be reversed for giving same unless it appears that they operated to the

[Jones v. Brooks.]

prejudice of the appellant, and counsel do not point out or suggest to us how or in what manner they could have misled, or that their misleading tendencies could not have been explained by counter charges.

Charge 33, given at the request of the appellee, is a copy of a charge which was sanctioned in the case of *Knox v. Knox*, 95 Ala. 499, 11 South. 125, 36 Am. St. Rep. 235. See charge 7 in said case.

The judgment of the probate court is affirmed.

Affirmed.

DOWDELL, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.