(123 So. 22)

ZEIGLER v. COFFIN. (7 Div. 852.)

Supreme Court of Alabama. April 11, 1929.

As Modified on Denial of Rehearing. June 13, 1929.

Knox, Dixon, Sims & Bingham, of Talladega, and Brewer Dixon, of Birmingham, for appellant.

FOSTER, J. This is a contest of the will of Joseph H. Spence. Upon the conclusion of the evidence in the probate court, the affirmative charge was given for the proponent, resulting in a verdict and judgment admitting the will to probate, and contestant appeals to this court.

Many of the rules of law which have application to the facts of this case have been fully and clearly established in Alabama by the decisions of this court, and do not need further elaboration or discussion. We think it appropriate to refer merely to such of them as are important to a decision of the questions raised on this appeal.

"(a) Confidential relations, accompanied with [b] activity of a [c] favored beneficiary in the preparation and execution of a will, raise a presumption of undue influence, and cast the burden of proof on the proponent." Raney v. Raney, 216 Ala. 30, 112 So. 313; Jones v. Brooks, 184 Ala. 115, 63 So. 978; Coghill v. Kennedy, 119 Ala. 641, 24 So. 459; Bancroft v. Otis, 91 Ala. 279, 8 So. 286, 24 Am. St. Rep. 904.

Confidential relations "exist wherever confidence is reposed and accepted, and the one

Harrison & Stringer, of Talladega, for appellee.

has it in his power, in a secret manner, for his own advantage, to sacrifice those interests of the other which he is bound in honor and good conscience to protect. 1 Story, Eq. Jur. § 323. The rule embraces both technical fiduciary relations and those informal relations whenever one man trusts and relies upon another." Coghill v. Kennedy, supra, pages 658, 659 of 119 Ala. (24 So. 468); Raney v. Raney, supra, page 34 of 216 Ala. (112 So. 316).

The rule which casts the burden on proponent does not apply where the interest of the alleged active party is that merely of the executor named in the will, who has no other interest directly or indirectly. Johnson v. Johnson, 206 Ala. 523, 91 So. 260; Cunninghame v. Herring, 195 Ala. 469, 70 So. 148.

The question of whether an active trustee, named in a trust created by a will, is such a beneficiary as that when the other elements exist the burden is on proponent in respect to undue influence, has been treated in the following cases: Compher v. Browning, 219 Ill. 429, 76 N. E. 678, 109 Am. St. Rep. 346; Gum v. Reep, 275 Ill. 503, 114 N. E. 271; Teter v. Spooner, 279 Ill. 39, 116 N. E. 673; Williams v. Ragland, 307 Ill. 386, 138 N. E. 599; Breadheft v. Cleveland, 184 Ind. 130, 108 N. E. 5, 110 N. E. 662; Barr v. Sumner, 183 Ind. 402, 107 N. E. 675, 109 N. E. 193; In re Kilborn's Estate, 162 Cal. 4, 120 P. 762. The subject has not been treated in Alabama cases.

The result is influenced by the nature of the trust, the amount involved, the amount of fees which the trustee will receive, whether he is the sole trustee, its probable duration, his discretionary powers, and all the details of the trust, and is a question of law. The creation of a trust, with the scrivener as trustee, alone, and not influenced by the facts above mentioned, would not constitute the trustee such a beneficiary. There must be some substantial personal benefit to the trustee.

The activity upon the part of the beneficiary in order to cast the burden of proof upon him must be more than activity and interest referable solely to a compliance with or obedience to the free agency and voluntary instructions or directions of the testator. Jones v. Brooks, supra; Mullen v. Johnson, 157 Ala. 262, 47 So. 584; Eatis v. Montgomery, 95 Ala. 486, 11 So. 204, 36 Am. St. Rep. 227; Cunninghame v. Herring, supra.

"If there is any evidence tending to show the existence of such relations on the part of a large beneficiary, and activity on his part in and about the preparation or execution of the will, it is the duty of the court to submit to the jury the ascertainment of their existence as a fact; and this necessarily involves the submission of the issue of undue influence, since, if it is found as a fact that there did exist such relations and activity, the law will presume the exercise of undue influence, and cast upon the beneficiary the burden of rebutting the presumption." Cog-

hill v. Kennedy, supra, page 659 of 119 Ala. (24 So. 468).

A beneficiary may overcome any adverse presumption "by proof of competent, independent advice and counsel, 'or by any other evidence which satisfies the judicial conscience that the gift was the voluntary and well-understood act of testatrix's mind.'" Jones v. Brooks, supra, page 120 of 184 Ala. (63 So. 979); Scarbrough v. Scarbrough, 185 Ala. 468, 64 So. 105; Mullen v. Johnson, supra.

It is also well established that though the contest of the will for undue influence may be directed against the validity of the whole will, yet it is only if the will as a whole was the result of undue influence, that it will as a whole be thereby avoided, for if a part of it only is so affected, and there were other parts which were the result of the free will of the testator, the latter may stand, although the former would be set aside. Eastis v. Montgomery, 93 Ala. 293, 9 So. 311; Florey v. Florey, 24 Ala. 248; Lewis v. Martin, 210 Ala. 401, 98 So. 635; Henry v. Hall, 106 Ala. 84, 97, 17 So. 187, 54 Am. St. Rep. 22.

On this appeal it is claimed that Frank S. Coffin, the proponent, executor, and trustee, is such beneficiary, and was in a position of trust and confidence, and exercised such activity as to impress upon him the burden to rebut a presumption of undue influence. Coffin is not named as a legatee or devisee. He is a lawyer of Mobile, and a distant relative of decedent, and drafted the will without compensation, so far as the record shows. Decedent was a resident of Talladega county, and left a valuable estate, with a wife, but no children. His estate consisted of valuable lands, used for farming, dairying, sawmilling, and an ore plant, and considerable personal property. He had a congenital incurable disease, and had a banker friend prepare a will which he executed. Soon Coffin visited him, and he wrote another will which he executed, naming Coffin as executor, but without a trust provision. Decedent then went to Birmingham for treatment, but getting no relief went to Mobile to a hospital, and while there, and four days before his death, and when much enfeebled by the disease, executed another will written by Coffin, and he retained it until after decedent died. This last will created a trust, with Coffin as trustee of 280 acres of land with a dairy, sawmill, ore plant, and farm, and personal property, and gave him full and supreme power and authority over such property during the life of the widow, to sell and convey, invest and reinvest, pay expenses, account to no court, with the right, but no duty to pay the profits realized to the widow during her life, then to terminate the trust. He could exercise his own judgment as to when he paid her anything. He was relieved of bond.

It is said in the case of Hinson v. Williamson, 74 Ala. 180, in connection with such a

trust so created: "It is manifest that extraordinary and unusual powers of management are here devolved by the testator upon one in whom he had the most implicit confidence. * * * The power of keeping the estate together is so blended with the discretionary powers expressed, conferred in order to carry it out, that we can not undertake to separate and distinguish them. It conferred a *personal* trust." And it was held that it could be exercised alone by the person in whom the confidence is reposed, and if he refuses to exercise the trust it will be considered as revoked and absolutely annulled. To the same effect in substance is the opinion in Ex parte Dickson, 64 Ala. 188, and Foxworth v. White, 72 Ala. 224, and Pearce v. Pearce, 199 Ala. 491, 74 So. 952.

It is true that he will receive directly only compensation for his services, but the collateral benefits which will naturally follow such free and complete power and discretion, we think, in connection with the large fees he will receive, all together constitute him one benefited by those provisions of the will making him a trustee and which were not in the will prepared by the banker friend of decedent, and apparently never suggested or thought of until he reached Mobile. So that we think and hold that he has such a beneficial interest created by the will he wrote as to bring him within that aspect of the rule fixing the burden of proof as first hereinabove written.

■ There must also be "confidential relations" between Coffin the proponent and trustee, preparing the will for execution, and decedent. This is a question of fact, and not of law, and, in this case, is an inference which may be drawn by the jury. We have defined such relations as applicable to the facts of this case. Our conclusion is that there was sufficient evidence upon which this issue should have been submitted to the jury.

■ There must also be activity of the proponent in the preparation and execution of the will in addition merely to a compliance with or obedience to the free and voluntary instructions or directions of the testator. The proponent does not explain the circumstances which caused him to write in the will such a trust as that provided, with him as trustee, and not theretofore mentioned. The jury could infer that the trust provisions were inserted by the proponent without suggestion from the testator. There are some circumstances which would have a tendency to support an inference that some influence was exerted by proponent in this connection, without impeaching his testimony or motive.

We think that there was no evidence tending to show the facts necessary to cast upon proponent the burden as to any of the provisions of the will, except those creating the trust with proponent as trustee. The others benefited by the will are not shown to have been active in the preparation of it, and the inference of activity by the proponent which the jury is authorized to draw and which we think would cast upon him the burden of proof, if the jury finds such activity to have occurred, only relates to the trust provisions of the will.

Without additional evidence therefore on another trial, the issue of undue influence should be limited to the trust provisions. The other provisions in a measure effectuated substantially the same purpose in all three of the wills signed by testator. It was essentially a jury question in the respect above indicated to be determined in the light of all the facts.

Taking this view of the case, we find the affirmative charge was improperly given to the extent of the will as a whole, even though it be held to have been in the usual form with hypothesis.

■ We recognize the principle that though a testator was insane at a time prior to the making of the will, it does not as a rule support a presumption that the insanity continued to the making of the will, unless it is found that it was habitual and fixed. Johnson v. Armstrong, 97 Ala. 731, 12 So. 72; Hall v. Britton, 216 Ala. 265, 113 So. 238; Pritchard v. Fowler, 171 Ala. 662, 55 So. 147.

■ There is some evidence in the record, the weight of which we do not consider, tending to show that decedent's mind was unsound over a period of several days while Mrs. Zeigler was on a visit to him in Mobile. This visit terminated about February 12th, six days before the will was executed. There is evidence tending to show that such condition was due to the disease working upon him, and that he continued to grow weaker physically, and for the last two days his death was a question of hours, and uremic coma set in somewhat less than twenty-four hours before his death and that the will was executed four days before he died. It is our conclusion that from this tendency of the evidence, the jury should have been allowed to find whether there was such unsoundness of mind which continued to the occasion of the execution of the will as to invalidate it. For this reason also the affirmative charge should not have been given proponent.

For the error in giving the affirmative charge for proponent, the judgment of the probate court is reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

PER CURIAM. Application for rehearing overruled.

All the Justices concur.