141 So. 555

**SIKES v. KING et al.**

**4 Div. 582.**

Supreme Court of Alabama.

April 7, 1932.

Rehearing Denied May 19, 1932.

J. O. Sentell, of Luverne, and Powell & Hamilton, of Greenville, for appellant.

624

Frank B. Bricken and C. J. Kettler, both of Luverne, for appellee.

FOSTER, J.

■ Appellant contends that the will is void for uncertainty in the first paragraph because the names of the beneficiaries are not sufficiently designated, and because their respective shares are not stated. But this court has held that, if such contentions were well founded, they would not support the contest of a will which has other valid testamentary provisions, such as the appointment of an executor, and when it is duly executed without fraud, undue influence, and during a sane period. Conoway v. Fulmer, 172 Ala. 283, 54 So. 624, 34 L. R. A. (N. S.) 963; McKissack v. Ashurst, 220 Ala. 576, 126 So. 636.

We do not wish to be understood as intimating whether the clause referred to is valid or not. We prefer that the proper interpretation of the will shall be determined when duly presented, and both parties and the trial court shall be free to offer and consider such evidence as shall pertain to it. The trial court did not refer to that contention in his judgment, and we pretermit its consideration.

The court held that decedent executed the will, that it was genuine, and, on the issues of her sanity, undue influence, fraud, and misrepresentation, found them all in favor of proponents, and ordered the will so propounded to be probated. The trial was by the court without a jury on evidence taken orally before him.

There was abundance of evidence to support the finding on the issue of sanity. It was not against the great weight of the evidence such as to require us to set it aside in that respect. A discussion would serve no good purpose.

On the subject of undue influence: C. T. (Tema) King was the confidential agent of decedent on whom she seemed to rely. She was an old lady, twice a widow, with no children. Tema King was closely related to her first husband, was a beneficiary in his will, and if the first clause of the will of this testatrix is not void for uncertainty, and the will introduced in evidence is the one to which it refers, he will claim to be a beneficiary under its terms by reference to the beneficiaries in the will of the first husband of decedent. He was named an executor without bond. The two executors were given power to sell all the property, etc.

■ Under such circumstances, we think Tema King should be treated as a beneficiary under the will for the purpose of discussing the claim of his undue influence on decedent. It is not insisted in the argument that any other person exerted such influence; so that we come to the question of the burden of proof on that issue, and whether the burden has been met. We have many cases which hold that when there are substantial benefits provided in a will to the dominant party in confidential relations made by the one so confiding in him, and he was active in its preparation, extending beyond a mere compliance with or obedience to her voluntary instructions, he has the burden to show an absence of his undue influence, either by proof of competent independent advice and counsel, or by other satisfactory evidence, that the donation was the voluntary and well-understood act of the testatrix's mind. Such rules have been long established in this state. We recently restated them, and cited the cases in Zeigler v. Coffin, 219 Ala. 586, 123 So. 22, 63 A. L. R. 942.

■ The evidence is without dispute that decedent voluntarily told Tema King that she desired to have her property disposed of so that she could carry out the wishes as she understood them of her first husband, T. B. (Bart) King, and so that it would "go back to the heirs like Uncle Bart wanted it to go." The evidence may be construed to mean that such was her own idea, and that it was her free and voluntary act. Tema King then had a lawyer to prepare the paper, and it shows on its face an effort to carry into effect such request; so that the court could very well have found that his activity did not extend beyond a compliance with her voluntary instructions. And on the issue of fraud, the court could very well find from the evidence that the terms of the will showed a bona fide effort to state what she said she wanted, and

what he told her he had done in respect to the disposition of her property.

We have reached the conclusion that the finding and judgment of the court are not so distinctly contrary to the great weight of the evidence in any respect as to justify us in reversing it on that ground.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.