28 So.2d 792

### KAHALLEY v. KAHALLEY.

1 Div. 269.

Supreme Court of Alabama.

Jan. 23, 1947.

Hybart & Chason, of Bay Minette, for appellant.

W. C. Beebe, of Bay Minette, for appellee.

626

SIMPSON, Justice.

This appeal is from a contest in the circuit court of the will of Salen Kahalley, deceased. Appellant, a son by a first marriage, instituted the contest and lost the case in the lower court.

Testator's wife and their two daughters, who lived at home and worked with the testator in his business, were bequeathed a greater share of the property than appellant, who had lived away from his father since the divorcement of his parents many years previously.

The ground of the contest was undue influence and the first argument for error is that the overwhelming evidence supported the contest and that the trial court should have granted a new trial for this reason.

Consistent with the rule (Title 13, § 66, Code 1940; Ala.Dig., Courts, ☞104), we will not undertake a detailed recital of the evidence. We have given it careful study and have concluded that there was no error in refusing the new trial. On the facts disclosed, we think there was sound basis for the jury's decision that the contest had not been sustained.

The fact, if so, that one of the daughters was a favored beneficiary and in confidential relationship with the testator did not alone raise a presumption that the will was procured by undue influence.

Lockridge v. Brown, 184 Ala. 106, 63 So. 524; Bancroft v. Otis, 91 Ala. 279, 8 So. 286, 24 Am.St.Rep. 904; 66 A.L.R. 228, Note.

The existence of such relationship was a factor for consideration in determining the sufficiency of the evidence to carry the question of undue influence to the jury (68 C.J. 1099, § 919), but "There must be evidence in addition to the fact of relationship of the active interference of the beneficiary in procuring the execution of the will." Lockridge v. Brown, supra, 184 Ala. at page 113, 63 So. at page 526; Coghill v. Kennedy, 119 Ala. 641, 666, 24 So. 459.

This activity must be in procuring the execution of the will and more than an activity and interest referable solely to a compliance with or obedience to the voluntary and untrammeled directions of the testator. Jones v. Brooks, 184 Ala. 115, 63 So. 978; Zeigler v. Coffin, 219 Ala. 586, 123 So. 22, 63 A.L.R. 942; Sikes v. King, 224 Ala. 623, 141 So. 555.

The most that can be said of the evidence of the activity of this daughter, who no doubt had her father's confidence, is that she followed the instructions of the testator and his attorney in procuring, at their request, information regarding the dimensions of certain real estate so as to more correctly describe the property in the will which the testator told his attorney he wished to make. This was not sufficient to raise the presumption of undue influence and impose on proponent the burden of proving that the will was not the product thereof.

The principle which controlled the trial court in considering contestant's motion for a new trial is that to make out a charge of undue influence such as will vitiate a will, the contestant must show that an influence was exerted on the mind of the testator which was tantamount to moral coercion and constrained him to do that which was against his will but which from fear, the desire of peace, or some other feeling than affection he was unable to resist. Ala.Dig., Wills, ☞155 (1). We do not think the evidence met this test.

■■ There was some testimony of testator expressing regret that he had changed his will resulting in the unequal division at the importunity of his wife and daughters (contestant was left a substantial bequest), but this was a disputed fact. Even if so, however, this did not justify the conclusion that the jury's verdict was wrong. The pertinent rule was alluded to in Hale v. Cox, 222 Ala. 136, 139, 131 So. 233, 236, where it was pointed out that: "Though the will was executed by the testatrix in order that he might have peace in his home, and it disposed of property contrary to his desire, yet if the will was executed in the exercise of the testator's free agency, and of his own choice, that he might have peace in his home, it was not the result of undue influence as defined in the books."

■ In other words, the influence or coercion must have been such as to dominate the testator's will and in some measure impede the exercise of his free agency in disposing of his property. Cox v. Hale, 217 Ala. 46(12), 114 So. 465(12).

The conclusions below were consonant with the legal principles adverted to above. We are not persuaded that the verdict of the jury was manifestly wrong and unjust and therefore must affirm the trial court in denying the motion for new trial. Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738; Republic Steel Corp. v. Stracner, 246 Ala. 620(10), 21 So.2d 690.

The court gave written Charge 4 for the proponent as follows: "Gentlemen of the Jury, I charge you that the fact, if it be a fact, that there was a confidential relationship between the proponent, Miss Victoria Kahalley, and her father, Salen Kahalley, the testator, and that she at his request assisted him in locating a division line between the property willed to her and her sister and mother and the property willed to George Kahalley, the contestant and his brother, Fred Kahalley, this does not of itself raise any presumption of undue influence, nor does it place upon Victoria Kahalley, the proponent of the will, the burden of showing that there was no undue influence."

It is insisted that the giving of this charge was error.

We have observed above that in order to raise the presumption of undue influence of the beneficiary and cast the burden on her of showing the contrary, there must have been shown an active interference on her part in procuring the execution of the will, the mere activity and interest in following and complying with testator's instructions or directions being insufficient to this end.

The recent case of Mindler v. Crocker, 245 Ala. 578, 18 So.2d 278(8), 281, re-emphasized the principle and pointed out that there must be "Confidential relations; accompanied with activity of a favored beneficiary in the preparation and execution of a will." To the same effect are: Raney v. Raney, 216 Ala. 30, 112 So. 313, 316; Jones v. Brooks, supra; Coghill v. Kennedy, supra; Bancroft v. Otis, supra.

■ It is well to add that in the situation here disclosed, the burden of showing the will was not superinduced by undue influence would not be cast on proponent, she being a child of testator, until the evidence indicated that the natural order had been reversed and the child, the donee, had become and was the dominating personality and the parent subservient to her. Keeble v. Underwood, 193 Ala. 582, 69 So. 473, 475.

■ Under the rule of these cases, the court did not err in giving Charge 4. A charge of similar character was approved in Park v. Whitfield et al., 210 Ala. 18, 97 So. 68.

■ The remaining insistence is that the trial court erroneously refused to give written Charge C requested by contestant. We perceive no error in this ruling and agree with the trial court that the charge was abstract. The evidence affords no hypothesis for such an instruction.

We have tendered the case our careful study and have concluded that the judgment should be affirmed.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.