-40 So.2d 95

**SHELTON v. GORDON.**

1 Div. 331.

Supreme Court of Alabama.

April 21, 1949.

Johnston, McCall & Johnston, of Mobile, for appellant.

Caffey, Gallalee & Caffey, of Mobile, for appellee.

190

SIMPSON, Justice.

This is a contest of the will of Mary B. Jackson by appellant, as the next of kin of testatrix, against appellee, as executor who propounded the will for probate. The contest was rested on three main grounds: (1) the alleged unsoundness of mind of the testatrix, (2) undue influence on the part of appellee, and (3) that the instrument was not duly executed. From a verdict and judgment in favor of the proponent, the contestant has appealed.

It is argued for appellant that the court committed reversible error in refusing for the contestant the general affirmative charge, in overruling her motion for a new trial on the ground that the verdict was against the weight of the evidence, the giving of certain written charges for proponent, and the refusal of other special written charges requested by contestant. The case has had the studious consideration of the court, but the conclusion has been reached that there is no meritorious ground on which a reversal can be rested.

■ The first and third grounds of the contest are manifestly untenable and need but little comment. There was hardly a vague conjecture, if that, of any mental impairment of the testatrix, juxtaposed against the clear proof of her mental soundness, when the will was made; and the evidence was without dispute that the instrument was duly executed as the last will and testament of Miss Jackson. So we will confine discussion to the remaining ground, that the execution of the will was procured by the undue influence of proponent, and to the assignments of error based on the action of the court with reference to the special written charges and in overruling the motion for a new trial on the stated ground.

The proponent, a practicing attorney of the bar of Mobile, was the lawyer, confidential adviser and trusted friend of the testatrix, a resident for many years of the same city, and a spinster in her early sixties when the will was executed in 1936. She died in 1947. As we view the case, there was no evidence of undue influence in fact exerted by anyone to induce the execution of the instrument, but it is considered a jury question was presented on that ground of contest by reason of the confidential relation of the proponent, who prepared the will and by its terms was a favored beneficiary.

The law thought by appellant to be controlling to a reversal in refusing her request for the general affirmative charge and in overruling the motion for a new trial is that confidential relations between testatrix and a favored beneficiary, coupled with activity on the part of the latter in and about the preparation or execution of a will, raises a presumption of undue influence and casts upon the beneficiary the burden of showing that the will was not directly or indirectly the product of such influence, and which burden, it is contended, was not sustained. Zeigler v. Coffin, 219 Ala. 586, 123 So. 22, 63 A.L.R. 942; Lewis v. Martin, 210 Ala. 401, 98 So. 635; Smith v. Smith, 174 Ala. 205, 210, 56 So. 949; McElhaney v. Jones, 197 Ala. 303, 312, 72 So. 531; Bancroft v. Otis, 91 Ala. 279, 8 So. 286, 24 Am.St.Rep. 904.

■ But this statement of principle only means that when the evidence shows this situation to have existed, the party against whom this presumption has been cast has the duty of overcoming it by satisfactory

.evidence, and failing, the opposing contention will prevail. The burden of proof, as such, however, never shifts during the course of the trial and the duty of substantiating that the will was procured by undue influence rests on the contestant throughout. King v. Aird, Ala.Sup., 38 So.2d 883, 888; Birmingham Trust & Savings Co. v. Acacia Mutual Life Ass'n, 221 Ala. 561, 130 So. 327; Lawson v. Mobile Electric Co., 204 Ala. 318, 85 So. 257.

■ Another pertinent principle is that, though confidential relations between testator and a favored beneficiary is a factor for consideration in determining the sufficiency of evidence to take the case to the jury on the question of such beneficiary's undue influence over the testatrix, to invalidate the will on such ground there must be evidence of active interference of the beneficiary to procure its execution. Kahalley v. Kahalley, 248 Ala. 624, 28 So.2d 792; Lockridge v. Brown, 184 Ala. 106, 63 So. 524; Fulks v. Green, 246 Ala. 392, 20 So. 2d 787.

■ As was observed in the Kahalley case, supra, 248 Ala. at page 626. 28 So.2d at page 794:

"This activity must be in procuring the execution of the will and more than an activity and interest referable solely to a compliance with or obedience to the voluntary and untrammeled directions of the testator. Jones v. Brooks, 184 Ala. 115, 63 So. 978; Zeigler v. Coffin, 219 Ala. 586, 123 So. 22, 63 A.L.R. 942; Sikes v. King, 224 Ala. 623, 141 So. 555."

■ In the light of these governing principles, it will be made manifest by a brief recital of the facts that the refusal to the contestant of the general affirmative charge or the overruling of the motion for a new trial cannot be made a predicate for reversal.

The facts are: On March 16, 1936, testatrix and her sister, Miss Dora Jackson, once residents of Texas but for many years resident in Mobile, Alabama, made mutual wills reciprocally devising and bequeathing their joint property to each other, and providing for residuary devises and bequests should the sister beneficiary be not living at the death of the respective testatrix. Miss Dora Jackson predeceased her sister, whose will is now under contest. There were no next of kin included in either will and the nine residuary beneficiaries, who were bequeathed various properties and sums of money (all but one of considerable value), were attentive and affectionate friends, including a nurse of the two sisters, their two long-time Negro servants, their physician of many years, who was bequeathed a piece of property of very considerable value, and the proponent, who, as stated, was the largest beneficiary. No question was made as to the soundness of mind of Miss Dora Jackson or that she was under any influence whatsoever as regards the making of her contemporaneous will, though it was in exact duplicate as to residuary beneficiaries of the will under contest and proponent occupied the same relation with her as with testatrix. As regards the circumstances surrounding the execution of the two wills, the evidence is without dispute that proponent exerted no activity in their making except to follow the dictates of the two sisters. The wills were prepared in compliance with their directions, in substantial conformity with a memorandum prepared by them and taken by the testatrix to proponent's law office as a guide in their preparation. To sustain the will against the charge of undue influence there were not only the beneficiaries under the will, but disinterested witnesses, who testified to statements by the two sisters, made before the execution of the wills as to their purpose and intention in regard to the disposition of their estate as it was so disposed of, and after the execution as to their complete satisfaction with the manner and method of the dispositions made therein. There were many statements by the two sisters of their purpose to dispose of their joint estate as it was disposed of and of an intention not to leave any of their possessions to their next of kin in Texas, some of whom they had never seen and none of whom they had seen for many years, and with whom, it was testified, the sisters had had some adverse litigation in years past. It may be added that the preponderance of the evidence showed them to have been women of intelligence and strong purpose.

Against this clear and convincing evidence were letters written by the testatrix suggesting some deterioration in mind and health and also evincing an interest in and affection for these Texas cousins and a desire to hear from them, and to see them. There also was a letter in evidence from proponent to one of these second cousins suggesting the cancellation of a proposed visit to testatrix during an illness subsequent to the date of the wills. This letter, however, was subject to two interpretations and if the proponent's explanation be credited, which evidently the jury did, was written at the request of the testatrix and in her interest.

It is clear that the general affirmative charge was not due contestant, nor could the impartial mind possibly conclude that the verdict of the jury was so manifestly wrong and unjust as to warrant our overturning the ruling of the trial court in refusing the new trial.

The remaining insistences of error, now to be considered, relate to the giving of certain charges requested by the proponent and to the refusal of a charge requested by the contestant.

Charge 8 given at the request of proponent reads:

"The Court charges the jury that if it is reasonably satisfied from the evidence in this case that any of the bequests or devises made in the instrument propounded for probate was not procured by undue influence, exercised by Robert E. Gordon on Mary B. Jackson, you cannot find a verdict for the contestant, Kate B. Shelton, on the ground that the execution of the instrument propounded for probate was the product of undue influence of said Robert E. Gordon."

■ The governing rule is that if the entire will was the product of undue influence, the will as a whole is void, but if only a part of the devises and bequests were the result of undue influence and there are others the result of the voluntary and free will of the testator, only the former would be set aside and the latter may stand. Zeigler v. Coffin, supra; Lewis v. Martin, supra; Florey's Executors v. Florey, 24 Ala.

241; Lyons v. Campbell, 88 Ala. 462, 7 So. 250.

■ Though perhaps misleading, on the theory on which the contest was made we do not regard this instruction as an erroneous statement of the law. The contest did not restrict the issue to the bequest to Mr. Gordon, but put in issue the validity of the will as a whole because of his alleged undue influence, the theory being that because of such influence the entire will was void. This is manifested not only by the pleadings but by several of her given charges, such as her Charge 1, which instructs the jury that "it is not necessary that there should be confidential relations between all the beneficiaries and the testatrix. If there is such relation with one of the beneficiaries and the will is found to have been procured through his undue influence it operates against all the beneficiaries." No contention was made, nor is there the slightest evidence to support the theory, that the other bequests or devises were the subject of any undue influence. No presumption is to be so indulged, nor was any issue made by any of the pleadings or instructions to restrict the contest to the items, only, favoring the proponent. Hence, contestant's Charge 1 and others alike might have had tendencies to mislead the jury into the belief that if one beneficiary exercised undue influence in respect to any part of the will, this would operate against all the beneficiaries, and Charge 8 is subject to be construed as in explanation of these given charges and to make it clear that to operate against all the beneficiaries the undue influence must have produced the execution of the will or affected the entire will and that if any legacies or devises were not the result thereof, the contestant could not succeed under her theory of the contest to defeat the probate of the will.

Assuming arguendo the correctness of the contention of appellant, that without tendering such issue to the jury by proper pleadings or instructions, Eastis v. Montgomery, 93 Ala. 293, 299, 9 So. 311; cf. Goldsmith v. Gates, 205 Ala. 632, 635, 88 So. 861; Kaplan v. Coleman, 180 Ala. 267,

277, 60 So. 885; McCann v. Ellis, 172 Ala. 60, 71, 55 So. 303; Barksdale v. Davis, 114 Ala. 623, 629, [par. 2], 22 So. 17; Lyons v. Campbell, supra, 88 Ala. 462, 467-468, 7 So. 250, she should be allowed, under the state of the pleadings and evidence, to defeat only those items favoring the proponent, Charge 8 would not deny such a theory, since it does not instruct the jury that there could be no partial probate, but may be interpreted as seeking to charge that contestant could not succeed in defeating the entire will if any part was not the result of the undue influence complained of, which would be a correct statement of the applicable rule. Henry v. Hall, 106 Ala. 84, 95, 96, 17 So. 187, 54 Am.St.Rep. 22; Council v. Mayhew, 172 Ala. 295, 312, 55 So. 314.

■ The most that we can say against Charge 8 is that it might have had a tendency to mislead, but a reversal is not due, the rule being that to correct such misleading tendency it was incumbent upon the contestant to request an explanatory charge. King v. Aird, supra, syllabus 9; Council v. Mayhew, supra; Eastis v. Montgomery, supra.

■ Charge 1 for the proponent, the giving of which it is contended was reversible error, is: "The Court charges you gentlemen of the jury that you cannot find a verdict for the contestant, Kate B. Shelton, on the ground that the instrument propounded for probate was not duly executed as a will." This instruction without hypothesizing a belief of the evidence is without the principle applied in such cases as Fulks v. Green, 246 Ala. 392, 395(12), 20 So.2d 787; West v. Arrington, 200 Ala. 420, 422(1), 76 So. 352; Cummings v. McDonnell, 189 Ala. 96, 102, 66 So. 717, where the issue of the execution of the will was not a ground of contest. Here the due execution of the will was put in issue by the third ground of contest and the charge was, therefore, invasive of the province of the jury in the form requested. Little v. Sugg, 243 Ala. 196, 206(8, 9), 8 So.2d 866. On the careful review of the entire evidence, however, we are convinced that to give it was without injury. The fact of the execution of the will in due form seems not to have been otherwise questioned and there was no countervailing evidence on this issue from which any adverse inference might be drawn. The instruction could not possibly have injuriously affected the contestant's case, so error in its giving will not be declared. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

■ Nor can we pronounce error in the giving of proponent's requested Charge 19, which instructed the jury that there was no evidence of any threats exerted by proponent on testatrix "to induce or coerce her to make the instrument propounded for probate"—meaning the execution of the will as a whole, that is, the entire will. The reason underlying the propriety of an instruction of this character is basically that pertaining to Charge 8 discussed above. Since there was no contention or no presumption to be indulged that the gifts to the other beneficiaries were in any wise coerced or induced by the undue influence of the proponent, it was proper to give such a charge. Moreover, as heretofore pointed out, there was no evidence of undue influence in fact, the case going to the jury on the issue only because of the stated presumption. We think the charge therefore was a correct charge under the circumstances presented by the record. Coghill v. Kennedy, 119 Ala. 641, 647, 24 So. 459, relied on as sustaining the position of appellant that it was error to give this charge, is without application. There the contestant was successful in the court below and proponent appealed, claiming reversible error in the refusal of certain no evidence charges. The holding was that there was such evidence, thereby rendering their refusal proper. Here the converse is presented and while the refusal of such charge might not be reversible error, the giving of a no evidence charge where there is no evidence is held as without error and sometimes proper for the guidance of the jury. Carraway v. Graham, 218 Ala. 453 (7), 118 So. 807.

■ Finally, Charge 15 requested by the contestant was, in our opinion, refused without error. It reads: "The court charges the jury that, if you are reasonably satisfied from the evidence that the Will was obtained by the exercise of influence amounting to coercion, then you

194

must find that the Will was obtained by undue influence." The thought underlying the request for this charge, as argued by appellant, is that coercion is embraced in the charge of undue influence and for this reason that it should have been given. We regard it as misleading. As observed, there was no evidence of duress *in fact* but, if indulging the stated presumption would carry with it the charge of duress, this would not prevail as to the voluntary gifts to the remaining beneficiaries, thus rendering the charge at least misleading.

The case was well tried and the contest ably presented, but we are convinced that there is no ruling so erroneously prejudicial as to require a reversal of the judgment.

Affirmed.

FOSTER, LAWSON, and STAKELY, JJ., concur.

LIVINGSTON, J., concurs in the conclusion, believing that if there was error in the giving or refusing of any special charges, it was without injury.

BROWN, J., dissents as regards Charge 8.

BROWN, Justice (dissenting).

I am of the opinion that the court erred in giving Charge 8. It not only misstates the issues in the case, but is tantamount to the affirmative charge for the proponent. Therefore, the court erred in giving said charge and the judgment should be reversed. For this reason I respectfully dissent.