Contestants in a will contest appeal from summary judgments granted the proponents. We affirm.
The testator, William P. Arrington, executed the will in contest on July 14, 1966, and the codicil in contest on September 14, 1966. Testator was an only child, his parents predeceased him, and he had never married. He died on June 7, 1977, and the will and codicil were admitted to probate on July 19, 1977. This contest then followed.
Contestants are all of testator's first cousins on his father's side of the family (Arringtons), including two who are beneficiaries under the will. Proponents are his two first cousins on his mother's side of the family (Pelzers); two children of one of these cousins; a Mrs. Bauer, who was testator's 85-year-old nurse and housekeeper; Alabama National Bank (executor and co-trustee); testator's butler-chauffeur; Ernest Armstrong, testator's friend and financial advisor (beneficiary and co-trustee); and several charities. All of the proponents except Alabama National Bank are beneficiaries under the will.
The will provides for certain specific bequests and cash gifts. The remainder of the estate is then placed in trust, with Alabama National Bank and Ernest Armstrong as co-trustees, income to be distributed in equal parts to Mrs. Bauer and Mr. Armstrong during their lives, with the survivor receiving all of the income for the remainder of his or her life. At the death of the survivor, the trust is to terminate and the property is to be distributed as follows: certain stock to the two children of one of the Pelzer first cousins; $100,000 each to Archie and Alfred Goldthwaite, first cousins on the Arrington side of the family and contestants; $100,000 each to five charitable organizations; and the remainder to the two children of one of the Pelzer cousins.
The codicil devised some real estate to Armstrong and cancelled all debts owed to the testator, including $40,000 owed by Armstrong.
In their petition for contest, the Arrington cousins alleged as grounds (1) defective execution; (2) undue influence; (3) fraud; (4) duress and coercion; and (5) unsound mind. The contestants have abandoned grounds (1) and (5), stating that they have no facts to support these two grounds. *Page 853 
Proponents filed motions for summary judgment, supported by depositions of five of the contestants, pleadings and exhibits filed with the pleadings, interrogatories to the contestants and their attorney, and depositions of other persons. Contestants were given two extensions of time in which to respond to the motions, and submitted Armstrong's divorce proceedings, Armstrong's deposition, and several affidavits. The trial court granted summary judgments in favor of all proponents, upholding the will and codicil in their entirety.
The contestants argue on appeal that summary judgment was inappropriate because there is a scintilla of evidence which creates a question of fact regarding undue influence, fraud, and duress. Even judging the appropriateness of summary judgment by the standard of the scintilla rule, however, we must agree with the proponents that there are no genuine issues as to any material facts and that, therefore, the proponents are entitled to judgment as a matter of law.
In the petition for contest, the grounds of undue influence and fraud are specifically directed toward Armstrong. It is apparent from the depositions and other evidence that the charge of duress is also directed toward Armstrong and those portions of the will and codicil which benefit him. Therefore, we need go no further in order to affirm the summary judgments in favor of all those proponents except Armstrong, since only those portions of the will which are the result of undue influence, fraud, or duress will be set aside. Shelton v.Gordon, 252 Ala. 187, 40 So.2d 95 (1949).
Proponent Armstrong contends that his grant of summary judgment is also due to be affirmed. In order for him to prevail, he must show that there is no genuine issue of material fact and that the contestants have failed to present a scintilla of evidence to support their position. See Mims v.Louisville Title Insurance Co., 358 So.2d 1028 (Ala. 1978).
The evidence in support of Armstrong's motion for summary judgment discloses that he had no knowledge of the will or the codicil until after they were executed, that he did not participate in their preparation or execution, and that he made no threats or other attempts to coerce or defraud the testator. Unless the contestants' evidence establishes some question of fact regarding these matters, Armstrong's summary judgment should be affirmed.
We would unduly lengthen this opinion to give a detailed recitation of the testimony presented by contestants and proponents in their respective efforts to oppose and to uphold summary judgment. After carefully considering the same, we find that the testimony fails to present a scintilla of evidence to raise a presumption of undue influence.
In Burke v. Thomas, 282 Ala. 412, 211 So.2d 903 (1968), this Court held, viz:
 ". . . Our cases, starting with the Bancroft
decision, have enunciated the doctrine that no manner or degree of confidential relationship, of and by itself, will suffice to cast on the beneficiary in a will the burden of proving that the testamentary act was not unduly influenced by him. The fact that one is a favored beneficiary, and in a confidential relationship with testator, does not alone raise a presumption that the will was procured by undue influence. Kahalley v. Kahalley, 248 Ala. 624, 28 So.2d 792; Lockridge v. Brown, 184 Ala. 106, 63 So. 524; 66 A.L.R., Anno., 228. There must be evidence, in addition to the fact of relationship, of active interference in procuring the execution of the will. Lockridge v. Brown, supra (5); Coghill v. Kennedy, 119 Ala. 641, 24 So. 459 (5). The activity must be in procuring the execution of the will and more than an activity and interest referable solely to a compliance with or obedience to the voluntary and untrammeled directions of the testator. Kahalley v. Kahalley, supra (4), and cases cited."
In a recent case, we set out elements necessary to raise a presumption of undue influence in a will contest: (1) confidential relationship, (2) dominance, and (3) undue *Page 854 
activity in procuring execution. Pruitt v. Pruitt,343 So.2d 495 (Ala. 1976).
Assuming arguendo, that there is some evidence tending to show the first two elements, there is nothing to establish the third, undue activity. The contestants make much of the fact that Armstrong was living in the same house with testator during the time when the will and codicil were executed. While this may have presented an opportunity to exercise influence, there is no showing of any activity on the part of Armstrong nor of undue influence per se.
Aside from the creation of a presumption, the evidence is still insufficient to establish a question of material fact. When asked what facts they had to support the allegation of undue influence, the contestants stated in depositions that they had none. Throughout the contestants' depositions, words such as "wonderment," "conjecture," "feeling," "suspicion," "instinct," and "supposition" appear in response to questions asking for facts which would support the will contest.
In their reply brief, contestants state, viz:
 "The briefs of the Appellees leaves many questions unanswered. What was the actual relationship between Armstrong and Arrington — why was Armstrong so anxious in his deposition not to discuss the details of his separation and divorce from his first wife — why was William Price, Arrington's long time friend, not mentioned in his Will — why did Armstrong and Arrington have a joint safety deposit box at the Alabama National Bank — what was in Armstrong's Will, which apparently he gave to Arrington at or about the same time, according to Armstrong, Arrington gave him a copy of his Last Will and Testament — was there fraud in the exchange of Wills — why was it necessary for Armstrong to employ the services of an attorney even before Arrington passed away?"
Considered in the light most favorable to contestants, their speculations provide us with many questions but few, if any, answers.
The scintilla rule is not satisfied by speculation. Rota v.Combs, 267 Ala. 50, 99 So.2d 692 (1957). Moreover, evidence to support undue influence must provide at least a reasonable inference, rather than mere suspicion. Locke v. Sparks,263 Ala. 137, 81 So.2d 670 (1955).
The evidence in the depositions relating to fraud, duress, and coercion is of like character. Further, some of the statements in the affidavits filed fail to meet the requirements of Rule 56 (e), ARCP, that affidavits be made on personal knowledge, set forth facts which would be admissible in evidence, and show affirmatively that affiant is competent to testify to the facts. These requirements are mandatory.Oliver v. Brock, 342 So.2d 1 (Ala. 1976).
Armstrong carried his burden by showing that there is nogenuine issue of material fact and that he is entitled to judgment as a matter of law. Contestants failed in their attempt to establish a scintilla of evidence of undue activity, fraud, or duress, and abandoned these allegations as to the other proponents. Therefore, this cause is due to be affirmed as to all of the proponents.
AFFIRMED.
FAULKNER, JONES, ALMON and EMBRY, JJ., concur.