The contestant in a will contest appeals from a summary judgment granted in favor of the proponent. We affirm.
The contestant, Floyd Ray Hall, Jr., is the oldest child of the deceased, Floyd Ray Hall, Sr. The deceased was married to his first wife from 1945 until her death in 1980. The deceased had three children from this marriage: Floyd Ray Hall, Jr., the contestant; Kenneth Randall Hall; and Kathy Hall Bedsole. All three children were over the age of nineteen at the time of Floyd Sr.'s death. The wife of the deceased at the time of his death, Theresa Kearney Hall, is the proponent of the will. Theresa has two children from a prior marriage, and she and Floyd Sr. had no children from their marriage.
The will provides that Theresa shall be executor of the estate and the sole beneficiary. No provisions are made for any of the deceased's children.
The proponent filed a motion for summary judgment supported by answers to interrogatories, her deposition, the deposition of the deceased's sister, and the affidavit of the attorney who prepared the will. The contestant filed several affidavits in opposition to the motion for summary judgment.
The contestant argues that the will was a result of a dominant and undue influence exerted by Theresa; and that a scintilla of evidence was present on this issue.
A detailed description of the testimony presented would be unduly lengthy; thus, a brief description of the more pertinent facts follows.
Theresa met Floyd Hall, Sr., in April 1980. They began dating around the end of August 1980. During this same time, Theresa's son, Greg, was dating Floyd Sr.'s daughter, Kathy. Theresa and Floyd were married on March 28, 1981, and Greg and Kathy were married on May 2, 1981.
At the time of their marriage, Theresa owned a house, which she later deeded to Greg and Kathy. She also held savings certificates and savings accounts, which were merged with Floyd Sr.'s assets after the marriage.
In February 1983 Floyd Sr. received notice that his life insurance had been cancelled. After learning this, he and Theresa discussed the disposition of their property. There is evidence that Floyd Sr. attempted to contact the attorney he had used for many years, in order to draw a new will. After being unable to reach this attorney, Floyd Sr. asked Theresa's brother, who is a judge, about another attorney whom Theresa and Floyd Sr. had met socially. Theresa's brother recommended this attorney and shortly thereafter, Floyd Sr. contacted him about preparing wills for Floyd Sr. and Theresa. The affidavit of the attorney who prepared the wills states that Floyd Sr. and Theresa directed the preparation of their wills and that at no time did Floyd Sr. appear to be doing anything contrary to his wishes. Theresa's will was a mirror image of Floyd Sr.'s.
Floyd Sr.'s sister testified in her deposition that Floyd Sr. was the happiest person she had ever seen after his marriage to Theresa. She also stated that Floyd Sr. had told her on two occasions that he was very happy with Theresa, that he had given his children what he wanted them to have, and that at his death he wanted everything he owned to go to Theresa.
There was also testimony from Floyd Sr.'s children that after Floyd Sr. began dating Theresa, he engaged in activities *Page 714 
that he had never done before and that were uncharacteristic of his personality, such as having an occasional drink.
Summary judgment is proper if there is no genuine issue of material fact, specifically, in a will contest, if the contestant fails to present a scintilla of evidence to support his position. Arrington v. Working Woman's Home, 368 So.2d 851
(Ala. 1979); Rule 56, Ala.R.Civ.P.
The elements necessary to raise a presumption of undue influence in a will contest are: (1) a confidential relationship between a favored beneficiary and the testator; (2) a dominant and controlling influence by the beneficiary over the testator; and (3) undue activity in procuring execution of the will. Pruitt v. Pruitt, 343 So.2d 495 (Ala. 1976).
This Court has consistently held that the fact that a person is a favored beneficiary and is in a confidential relationship with the testator does not alone raise a presumption that the will was executed by undue influence. Arrington v. WorkingWoman's Home, supra, Kahalley v. Kahalley, 248 Ala. 624,28 So.2d 792 (1947); Lockridge v. Brown, 184 Ala. 106, 63 So. 524
(1913). In addition to the confidential relationship, there must be active interference in procuring the execution of the will, and such interference must go beyond compliance with the voluntary directions of the testator. Arrington v. WorkingWoman's Home, supra.
In Arrington v. Working Woman's Home, supra, this Court stated:
 "The scintilla rule is not satisfied by speculation. [Citation omitted.] Moreover, evidence to support undue influence must provide at least a reasonable inference, rather than mere suspicion. [Citation omitted.]"
The affidavits submitted by the contestant do not provide any facts which show undue activity on the part of Theresa in procuring the execution of Floyd Sr.'s will. The affidavits state in conclusory fashion that Theresa was the dominant person in the marriage. These statements appear to be based upon speculation or suspicions of the affiants. There is no evidence that the will was the result of anything other than the strong bond of love and affection between Theresa and Floyd. Because the contestant has failed to establish a scintilla of evidence of undue activity, the judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.