YATES, Judge.
Mid Carter died, leaving a will that expressly revoked all prior wills and codicils. A jury determined that that will was the product of undue influence, and the court entered a judgment holding that that will was invalid. Following this judgment, Doris Grisby submitted for probate a document purporting to be the will of Carter.[1] This will pre-dated the invalid will.
Margaret Andrews petitioned to remove the administration of the estate to the circuit court and contested this will on the grounds that it had been revoked by the subsequent, invalid will. The court removed the estate to the circuit court. The circuit court, following a hearing, concluded, as a matter of law, that the first will had been revoked by the subsequent, invalid will and entered a summary judgment in favor of Andrews. Thus, the disposition of Carter’s property would be controlled by Aabama’s intestacy statute. Grisby appealed. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
In reviewing the disposition of a motion for summary judgment, we use the same standard as the trial court in determining whether the evidence before it presented a genuine issue of material fact and whether the mov-ant was entitled to a judgment as a matter of law. Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988); Rule 56(c), Ala. R. Civ. *304 P. There were no genuine issues of material fact in dispute at the hearing. We, therefore, need only address whether Andrews was entitled to a judgment as a matter of law concerning the revocation of the first will.
“A will or any part thereof is revoked by a subsequent will which revokes the prior will or part expressly or by inconsistency.” § 43-8-136(a), Ala.Code 1975. When there is a revocation by undue influence, that revocation is inoperative because of the lack of intent to revoke. Vaughn v. Vaughn, 217 Ala. 364,116 So. 427 (1928). If an entire will is the product of undue influence, then that will, as a whole, is invalid. Shelton v. Gordon, 252 Ala. 187, 40 So.2d 95 (1949).
A jury determined that the subsequent will was the product of undue influence. That will in its entirety and, thus, the revocation clause contained within it were invalid. Accordingly, as a matter of law, that will could not revoke the first will. We also note that, because the revocation clause in the subsequent will was a product of undue influence, one must conclude that Carter lacked the intent to revoke the first will. That purported revocation was inoperative. Therefore, the trial court erred in concluding that the second will revoked the first will and that Andrews was entitled to a judgment as a matter of law. The judgment is reversed and the case is remanded for further proceedings.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
ROBERTSON, P.J., and MONROE and CRAWLEY, JJ., concur.
THIGPEN, J., not sitting.

. The validity of this will is not at issue in this appeal.