IN RE VOLLBRECHT ESTATE

THOMSON *v.* PACE

1. Wills—Proof of Execution—Failure to Rebut—Statutes—Jury Question.

Submission to the jury of the issue of due execution and witnessing of a will was error where proponent's prima facie case of due execution and witnessing was not rebutted by contestants (MCLA § 702.5).

2. Wills — Testamentary Capacity — Mental Competency — Evidence.

Contestants failed to carry their burden of proof of decedent's lack of testamentary capacity at the time of the execution of a will where the evidence, at most, reveals a picture of an elderly eccentric woman grieving over the death of her husband and unhappy with the managers of her affairs, as none of these characteristics, individually or collectively, is sufficient to overcome the statutory presumption of mental competency and thus invalidate a duly executed will (MCLA § 600.2152).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 57 Am Jur, Wills § 854.
Weight and effect of presumption or inference of due execution of will. 40 ALR2d 1223.

[2] 57 Am Jur, Wills §§ 89, 90.
Admissibility of evidence other than testimony of subscribing witnesses to prove due execution of will, or testamentary capacity. 63 ALR 1195.
Necessity of affirmative evidence of testamentary capacity to make prima facie case in will contest. 110 ALR 675.

[3] 57 Am Jur, Wills § 349 *et seq.*

[3, 4] Executor or trustee named in will as beneficiary within rule that activity of beneficiary in preparation of will raises a presumption of undue influence. 63 ALR 948.

[3–7] Presumption and burden of proof as to undue influence on testator. 66 ALR 228, s. 154 ALR 583.

[4, 5, 7] 57 Am Jur, Wills § 386 *et seq.*

[6] 15 Am Jur 2d, Charities §§ 8, 13.

3. WILLS — UNDUE INFLUENCE — PRESUMPTIONS — FIDUCIARY RELATIONSHIP — TRUSTEES.

A verdict based upon a finding of undue influence in the execution of a will is not against the great weight of evidence as a presumption of undue influence arose where the executors were also two of the trustees of a charitable foundation which was the beneficiary under the residuary clause; they were the testatrix's attorney, the object of her confidence, and her accountant who kept her books and filled out her checks; and the trustees had the power to amend the articles of incorporation of the foundation, determine its activities, and fix their own fees.

4. WILLS—UNDUE INFLUENCE—FIDUCIARIES—SUBSTANTIAL BENEFITS —PRESUMPTIONS.

Mere appointment of a fiduciary as executor of the will or as trustee of a limited testamentary trust would not alone establish the kind of substantial benefit necessary to give rise to the presumption of undue influence over the testator.

5. WILLS—FIDUCIARY RELATIONSHIP—UNDUE INFLUENCE.

Determination of the finder of facts as to whether the fiduciary of the testator, or any interest which he represents, substantially benefits from the will so as to raise a presumption of undue influence should be in light of all the powers, privileges, and duties given him and all the instruments concerned.

6. WILLS—UNDUE INFLUENCE—TRUSTEES—CHARITABLE FOUNDATIONS —STATUTES.

The finder of fact must consider that the Attorney General is charged with the supervision of the trustees of charitable foundations when the question is whether a will confers substantial benefits upon such trustees who are alleged to have unduly influenced the testator (MCLA § 14.251 *et seq.*).

7. WILLS—TRUSTEES—UNDUE INFLUENCE—PRESUMPTIONS.

Consideration must be given to the legal requirement that trustees are bound to exercise their discretion for the exclusive benefits of the beneficiaries when the issue is whether fiduciaries, who are trustees of a beneficiary of a will, substantially benefit under the will so that a presumption of undue influence on the testator will arise.

Appeal from Wayne, Charles Kaufman, J. Submitted Division 1 December 12, 1969, at Detroit. (Docket No. 5,295.) Decided September 28, 1970. Leave to appeal denied February 17, 1971. 384 Mich 807.

Petition by James Thomson and R. G. Danneels in the Probate Court of the County of Wayne for probate of the will of Marguerite Vollbrecht, deceased. Joseph D. Pace, Josephine Strom, Henry J. Gregory, Rose Mason, Elizabeth Blasko, and William Gregorowicz objected to the petition. Proceedings were certified to the Circuit Court of Wayne County for jury trial. Verdict and judgment for contestants. Proponents appeal. Reversed and remanded for new trial.

*Moll, Desenberg, Purdy, Glover & Bayer (James Thomson,* of counsel), for proponents.

*Fildew, Degree, Gilbride & Smith,* for contestants.

Before: LESINSKI, C. J., and LEVIN and DANHOF, JJ.

LESINSKI, C. J. Proponents of the last will and testament of Marguerite Vollbrecht appeal the decision of a Wayne County Circuit Court jury in a will contest. The jury, after instructions upon the issues of *due execution, testamentary capacity,* and *undue influence,* returned a *general verdict in favor of contestants.* The facts surrounding the execution of the wills of both Mrs. Vollbrecht and her late husband are detailed here.

Before his death in 1962, Marguerite Vollbrecht's husband accumulated an estate in excess of one million dollars. In 1959, after consultation with his attorney, Shirley Johnson, he executed his last will and testament. At that time Mr. Johnson also drafted

a will for Mrs. Vollbrecht. Both wills contained
residuary charitable pour-over provisions. In addi-
tion, Mr. Vollbrecht's will contained a specific be-
quest of $150,000 to Mrs. Vollbrecht. Neither will
contained any other significant bequests. The
named executors under both wills were Mervyn
Walsh and Manufacturer's National Bank. Mrs.
Vollbrecht was also an executor of her husband's
estate. To complete the estate plan, two charitable
foundations were incorporated to receive the resid-
uary bequests under the two wills. The trustees of
both foundations were Mr. and Mrs. Vollbrecht,
Mervyn Walsh, and Shirley Johnson.

Mr. Vollbrecht died in February 1962. His will
was admitted to probate in March 1962. Apparently
during the summer of 1962, Mrs. Vollbrecht became
disenchanted with her co-executor-trustees and con-
sulted a friend—former Probate Court Judge Sex-
ton. Judge Sexton thereafter contacted attorney
James Thomson, one of the present proponents, who
began advising Mrs. Vollbrecht. In the fall of 1962,
a new charitable foundation was incorporated by
Mrs. Vollbrecht. The trustees of this foundation
were Mrs. Vollbrecht, Mr. Thomson, and Mr. Dan-
neels (Mrs. Vollbrecht's accountant). The articles
of incorporation of the new foundation were vir-
tually identical to the articles of the old foundation.
A new will was then executed by Mrs. Volbrecht.
This will contained several pecuniary bequests to
various persons (some of whom are contestants
here) and a residuary charitable pour-over clause.
The named executors under the new will were Mr.
Thomson and Mr. Danneels. Both Mr. Thomson and
Mr. Danneels witnessed the new will also. Soon
thereafter, Mrs. Vollbrecht filed a widow's election
to take against her husband's estate. This election
resulted in an inheritance, before taxes, of $400,000

instead of the original $150,000. After Mrs. Voll-brecht's death in 1964, the offering for probate of the *1962 will* initiated the proceedings culminating in this appeal.

On appeal we are faced with two issues: first, whether the factual questions of due execution and testamentary capacity should have been submitted to the jury; and, second, whether sufficient evidence existed to support a jury finding of undue influence.

At the outset we note the record reveals that proponents' *prima facie* case[1] of due execution and witnessing was not rebutted by contestants. Thus, proponents are correct in their contention that the submission of this issue to the jury was error.

Regarding the question of whether testamentary capacity should have been submitted to the jury, proponents argue on appeal that no evidence was adduced at trial to support a finding of decedent's lack of testamentary capacity at the time of signing of the 1962 will. We agree. As the Supreme Court said in the case of *In re Sprenger's Estate* (1953), 337 Mich 514, 521:

"To have testamentary capacity, an individual must be able to comprehend the nature and extent of his property, to recall the natural objects of his bounty, and to determine and understand the disposition of property which he desires to make. *In re Walker's Estate,* 270 Mich 33. *The burden is upon the person questioning the competency of the deceased to establish that incompetency existed at the time the will was drawn. In re Hallitt's Estate,* 324 Mich 654." (Emphasis supplied.)

Reviewing the voluminous record in this case, we find that the contestants failed to carry their burden of proof with respect to this issue. At most, the evidence reveals a picture of an elderly eccentric

---

[1] MCLA § 702.5 (Stat Ann 1962 Rev § 27.3178[75]).

woman grieving over the loss of her husband and unhappy with the managers of her affairs. None of these characteristics individually or collectively is sufficient to overcome the statutory presumption of mental competency, MCLA § 600.2152 (Stat Ann 1962 Rev § 27A.2152), and invalidate a duly executed will. *In re Sprenger's Estate, supra,* 521; *In re Johnson's Estate* (1944), 308 Mich 366. See, also, *In re Powers Estate* (1965), 375 Mich 150, 158. Proponents' motion for a directed verdict on this issue should have been granted also.

Proponents argue that a verdict based upon a finding of undue influence in the execution of this will is against the great weight of the evidence. After reviewing the record, we reject this contention.

In *In re Wood Estate* (1965), 374 Mich 278, 285, the Court held that a *presumption of undue influence arose* after a jury finding of a fiduciary relationship between the parties and a further jury finding that the fiduciary, or an interest which he represents, substantially benefits from the will. In the instant case there is no question that a jury could find that Mr. Thomson was in a fiduciary relationship with Mrs. Vollbrecht when she signed the 1962 will. As her attorney he clearly acted as a fiduciary. *In re Karabatian's Estate* (1969), 17 Mich App 541. See also, *In re Hartlerode's Estate* (1914), 183 Mich 51, 60. By his own admission, he was the object of her confidence. The relationship of Mr. Danneels is not quite as obvious, but it appears that, as Mrs. Vollbrecht's accountant, he kept her books and filled out her checks for her. Thus a jury, under proper instructions, could also find him to be a fiduciary to Mrs. Vollbrecht by virtue of the faith, confidence, and trust reposed in him by her. See *In re Jennings' Estate* (1952), 335 Mich 241, 244. We will assume. without deciding, that the jury so found.

The second element necessary to raise the presumption of undue influence is *substantial benefit to the fiduciaries or an interest which they represent.*

It is conceded by contestants in their brief that the mere appointment of a fiduciary as executor of the will, or even trustee of a limited testamentary trust, would not alone establish the kind of benefit necessary to raise the presumption. While we find no Michigan case either supporting or denying this proposition, we are cited to the Supreme Court of Alabama decision in *Zeigler* v. *Coffin* (1929), 219 Ala 586 (123 So 22, 63 ALR 942). In that case the testator's attorney drew a will, the terms of which nominated him trustee of a testamentary trust with full power to sell and convey, invest and reinvest trust assets, and pay administration expenses *without accounting to any court.* Payments to the income beneficiary were totally discretionary and were characterized as a "right" rather than as a "duty" of the trustee. The court held that the creation of a trust, with the scrivener as trustee, alone, without other factors, would not constitute the kind of benefit necessary to raise the presumption. However, the court found a substantial personal benefit to the trustee due to the nature and probable duration of the trust, the amount of property involved, the amount of fees which the trustee would receive, the discretionary powers of the trustee, and the fact that the lawyer-scrivener was the sole trustee.

We agree with both contestants' concession and the reasoning in *Zeigler* v. *Coffin, supra.* Appointment of the scrivener as trustee alone does not create a substantial benefit sufficient to raise the presumption of undue influence. There is, however, a large middle ground between such appointments and the trust in *Zeigler,* which was the equivalent of a personal trust.

Thus, in many instances the question of substantial benefit will be left to the finder of fact. The determination should be made in light of all the powers, privileges, and duties given the trustee and all the instruments concerned. Moreover, the finder of fact must consider that the Attorney General is charged with the supervision of the trustees of charitable foundations. MCLA § 14.251, *et seq.* (Stat Ann 1970 Cum Supp § 26.1200[1] *et seq.*). Finally, consideration must be given to the legal requirement that the trustees are bound to exercise their discretion reasonably for the exclusive benefit of the beneficiaries.

Turning to the facts of the instant case, there is evidence that the trustees of the charitable foundation have the power to amend the articles of incorporation, determine its activities, and fix their own fees. We think that after reviewing these facts in light of the considerations outlined above, the jury would have been entitled to find the substantial personal benefit necessary to raise the presumption.

As we have stated, once the jury finds *substantial* benefit to the fiduciaries, or their interest, a presumption of undue influence will arise. Whether or not this presumption is rebutted, thereby becoming merely a permissible inference, is another question to be resolved by the jury upon proper instructions.[2] Mention should be made, at this point, of the recent decision in *In re Cox Estate* (1970), 383 Mich 108, regarding the presumption of undue influence.

If the issue of undue influence had been the *sole* issue before the jury, we would bow to their determination and affirm. However, the jury was erroneously allowed to speculate on the validity of the execution of the will and on the testamentary capac-

---

[2] For suggestions in formulating instructions in this regard, see *In re Wood Estate* (1965), 374 Mich 278, especially at 292.

ity of Mrs. Vollbrecht. Since it is impossible to ascertain whether the jury's general verdict was based upon either of the two latter issues, we are constrained to reverse and order a new trial on the issue of undue influence only. See *Bachellar* v. *Maryland* (1970), 397 US 564 (90 S Ct 1312, 25 L Ed 2d 570, 576).

Reversed and remanded for new trial. Costs to proponents.

All concurred.